# Rarden Mercantile Co. *v.* Whiteside.

## *Detinue.*

(DECIDED Nov. 30, 1905. 39 So. REP. 576.)

*Discontinuance; Parties; Amendment Working Entire Change.*—A complaint was amended, before trial, adding a new party defendant, and after evidence was in, the complaint was again amended by striking out original party defendant; Held, an entire change of parties which worked a discontinuance as to last party defendant.

APPEAL from Bessemer City Court.
Heard before Hon. B. C. JONES.

[Rarden Mercantile Co. v. Whiteside.]

This was an action of detinue begun by Charlie Whiteside against J. W. Rarden for a horse, wagon and harness. The summons and complaint were amended so as to make the Rarden Mercantile Co., a defendant and pending the trial and before submission of the case to the jury, the summons and complaint were again amended by striking J. W. Rarden as a party leaving the Rarden Mercantile Co., the sole party defendant.

PINKNEY SCOTT, for appellant.—The court should have discontinued the cause after striking out defendant, J. W. Rarden. It worked an entire change of parties. (Counsel also discuss other matters not discussed in the opinion.)

W. S. WELCH, for appellee.—The court did not err in overruling defendant's motion to discontinue the case, as the Rarden Mercantile Co., came in voluntarily and defended the case; besides the objection was not made in seasonable time.—1 Ency. Pl. & Pr. p. 532-4.

DENSON, J.—This action was commenced against J. W. Rarden as sole defendant. Before the term at which the trial was had the plaintiff amended the complaint by adding the Rarden Mercantile Company, a corporation, as a party defendant. Both parties defendant appeared and filed pleas to the merits. On the trial, after the testimony was closed, the plaintiff, with leave of the court, again amended the complaint by striking out J. W. Rarden, the original defendant, as a party defendant, thus leaving the Rarden Mercantile Company the sole defendant in the action. After the last amendment was made the defendant corporation moved the court to discontinue the cause, on the ground, among others, that the amendment worked an entire change of parties defendant. The motion was overruled by the court, and the defendant duly reserved an exception to the ruling.

It has been many times ruled by this court that the statute of amendments (section 3331 of the Code) does not authorize an amendment as to parties, either plain-

tiff or defendant, that works an entire change of parties. —*D. A. R. Co. v. Mallon,* 57 Ala. 168, and authorities there cited; *S. F. & M. I. Co. v. De Jarnett,* 111 Ala. 248, 19 South. 995; *Vinegar Bend Lumber Co. v. Chicago Title & Trust Co.,* 131 Ala. 411, 30 South. 776; *Steiner Bros. v. Stewart,* 134 Ala. 568, 33 South. 343. If, at the time the amendment adding the corporation as a party defendant was made, the plaintiff had amended by striking out J. W. Rarden as a party defendant, it would require no argument to demonstrate that there would have been wrought an entire change of parties defendant. Authorities supra. Can the postponement of the amendment until the testimony was closed relieve the case from the application of the principle of entire change of parties? If it can, then all that is necessary for a party to avoid the application of the principle would be to make the first amendment and bide his time for making the second, and the time at which the second amendment was made could not affect the case, so it was not simultaneous with the making of the first. The application of important and salutary rules of procedure cannot be made dependent upon the caprice of parties. We are of the option, and so hold, that the last amendment wrought an entire change of parties defendant, and, of consequence, that the court erred in not granting the defendant's motion.—*Dougherty v. Powe,* 127 Ala. 577, 30 South. 524, and authorities supra.

The judgment of the lower court is reversed, and a judgment will be here rendered to the effect that the plaintiff's cause of action against the defendant Rarden Mercantile Company is discontinued.

Reversed and rendered.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.