(106 So. 182)

### ROTH v. SCRUGGS et al.  (6 Div. 397.)

(Supreme Court of Alabama.  Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

1. Parties ⬤⇒73 — Statute permitting use of fictitious name and amendment of pleading on ascertaining true name remedial, and liberally construed.

Code 1923, § 9515, permitting plaintiff, who is ignorant of defendant's name, to use a fictitious name, and to amend pleading on ascertaining his true name, is remedial in nature, and should be liberally construed to accomplish purpose intended, and also construed in connection with amendment statute (Code 1923, § 9513), in force at time of its adoption.

2. Parties ⬤⇒73—Statute held not to permit amendments by substituting parties.

Code 1923, § 9515, covers primarily cases where name of defendant is unknown, not cases in which his identity is unknown, and does not apply where plaintiff by mistake sues wrong party, brings him into court, and, finding he has wrong party, seeks to substitute another and different party.

3. Judgment ⬤⇒243 — Suit cannot be begun against one person with judgment solely against another, unless change of parties waived.

A suit may not be begun against one person and wind up with a judgment solely against a different person, unless he waives change of parties.

4. Parties ⬤⇒73 — Complaint using fictitious name should state reason with some identifying description.

A complaint under Code 1923, § 9515, permitting plaintiff, ignorant of defendant's name, to use fictitious name, and to amend pleading on discovery of true name, should show that plaintiff is ignorant of name of defendant sued, with some identifying description.

5. Limitation of actions ⬤⇒124—Parties ⬤⇒73 —Amendment held to add new party.

Amendment of complaint in action against J. H. S. and W. J. T. S., by addition of S. Investment Company, as party defendant, held to constitute the addition of a new party, and not within Code 1923, § 9515, and general affirmative charge for new party was properly given, where suit was barred by statute of limitations at time of amendment.

6. Limitation of actions ⬤⇒124—Statute continues to run as against party added by amendment until made party to suit by filing amendment.

As against party added by amendment, statute of limitation continues to run until amendment is filed making him party to suit, as suit against one person cannot stop running of statute against another.

7. Limitation of actions ⬤⇒127(11)—Amendment introducing new cause of action as defined by statute held not to relate back.

An amendment which introduces a new cause of action within Code 1913, § 9513, limiting amendment relating back to suits referring to same "transaction, property, and title and parties as the original," does not relate back, but statute of limitations runs until new cause of action is introduced.

8. Limitation of actions ⬤⇒175—Failure to object to amendment on ground of departure did not preclude setting up defense of statute of limitations.

That no objection was taken to amendment introducing new cause of action on ground of departure does not prevent setting up defenses to new cause of action, including statute of limitations.

9. Limitation of actions ⬤⇒175—Parties ⬤⇒93 (2) — Defendant brought in by amendment changing parties defendant may waive point and set up statute.

If an amendment works an entire change of parties defendant, defendant brought in by amendment may waive point, and litigate his liability and set up statute of limitations as other defenses.

10. Appearance ⬤⇒22—Waiver of jurisdiction over person by appearance and plea not waiver of lawful defenses.

A waiver of jurisdiction over person by appearance and plea does not waive lawful defenses to action.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Appeal and error ⟨⟩1046(5)—Court's explanation to jury of reason for affirmative charge not error, where charge properly given.**

Where affirmative charge is properly given, no injury results to losing party by an explanation to jury, giving court's view of law on which he bases ruling.

**12. Appeal and error ⟨⟩854(4)—Wrong reason for giving correct charge not reversible error.**

A wrong reason for giving a correct charge is not reversible error, when the evidence is all in, and parties cannot be misled by the ruling.

**13. Trial ⟨⟩169—New party defendant added by amendment entitled to affirmative charge, where no recovery against original defendants.**

When new party defendant is introduced by amendment, and under the testimony no recovery can be had against the original defendants, new party is entitled to affirmative charge.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by J. C. Roth against J. H. Scruggs and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. F. Spencer and Ralph W. Quinn, both of Birmingham, for appellant.

The amendment, having been allowed, related back to the filing of the original suit. It was not barred by the statute. Patterson v. Camp, 209 Ala. 514, 96 So. 605; Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826; Hayes v. Sanders, 16 Ala. App. 608, 80 So. 682; B. R., L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557; 17 R. C. L. 815; Code 1923, § 9515. When the plaintiff is ignorant of the name of the defendant, such defendant may be designated by any name, and amendment made to show the correct name when discovered. Code 1923, §§ 5709, 9515. A departure by amending the complaint was waived by filing demurrer and without objecting to the change. Heidtmuller v. L. & N., 210 Ala. 538, 98 So. 792.

Davis & Locke, of Birmingham, for appellees.

Where one party is sued, and another is later added, the suit against the added party does not relate back to the commencement of suit against the original defendant. Code 1923, § 8967; Cochrane v. Fuller, 17 Ala. App. 230, 84 So. 400. Code 1923, §§ 4709 and 9515, do not authorize a person to sue one party and amend by designating an entirely different person. Town of Hancock v. Bank, 93 N. Y. 82; Rosencranz v. Rogers, 40 Cal. 489; 14 Cyc. 227.

BOULDIN, J. The action is for personal injuries received in an elevator accident. The counts upon which the cause was tried seek to fix liability upon the owner or owners of the building. The negligence charged is failure to notify the tenant of alleged known defects in an elevator in a store building used for passengers and freight, resulting in injury to plaintiff, a guest or customer of the tenant, while a passenger on the elevator. The suit was first brought against J. H. Scruggs as sole defendant. Later Mrs. W. J. T. Scruggs was made party defendant. Both were served with summons, appeared, and filed demurrers to the complaint. The counts above mentioned were then added, alleging that "the defendants were the owners" of the building.

On the trial the following amendment was filed:

"Comes the plaintiff, and by leave of court, first had and obtained, amends his original complaint and amendment thereto by adding to the original complaint, as amended, viz.:

"Plaintiff avers that at the time of the filing of this suit he was ignorant of the true and exact name of the defendant in this cause, and that the correct name of the defendant was unknown to him at said time and until the date hereof; that the plaintiff only knew the defendant as J. H. Scruggs and Mrs. W. J. T. Scruggs, and designated them in his said complaint by said name or names; that since the filing of this cause, to wit, on the date of the trial thereof, the plaintiff discovered the true and correct name of the defendant, which is Scruggs Investment Company, a body corporate, and plaintiff avers that the defendant in said cause, as designated in the original complaint as amended, is Scruggs Investment Company, a body corporate, and is the owner of the building described in said complaint, and is the defendant sought to be sued in the original complaint."

Scruggs Investment Company filed demurrers, and, same being overruled, pleaded in short by consent.

[1-3] On the trial it appeared without dispute that Scruggs Investment Company, a corporation, was the owner of the building, and that the accident occurred more than 12 months before the amendment above copied was filed. The court gave the affirmative charge at the request of each defendant, stating from the bench his reasons therefor, viz. that the suit against Scruggs Investment Company was barred by the statute of limitations of one year, and neither of the other defendants was the owner of the building as alleged in the complaint.

Appellant relies upon section 9515, new to the Code of 1923, as follows:

*"Name of defendant.*—When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleading or proceeding may be amended accordingly, either before or after service of the summons."

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This statute is remedial in nature, and should be construed liberally to accomplish the purpose intended. It must also be construed in connection with the statutes in force at the time of its adoption. Our amendment statutes already provided for bringing in newly discovered parties, not working an entire change of parties; also for cases of misnomer. Code, § 9513.

Manifestly, the new statute covers primarily cases where the "name" of defendant is unknown, not cases in which his identity is unknown. The chief field of operation is in emergency cases, where it is important to get service upon the party against whom plaintiff has a cause of action, but whose name is at the time unknown. Cases may arise in which a tort is committed by a person unseen and unidentified, but clues are at hand leading to a discovery of name and identity, and it is important to attach property or get service while within the jurisdiction of the court. We see no reason why this statute should not extend to the latter class. There may be others. The full application of a statute can best be determined as cases arise which call for its construction. We are clear it does not apply to a case where the plaintiff, by mistake, sues the wrong party, brings him into court, and, finding he has the wrong party, seeks to substitute another and different party. With all our liberal rules of pleading intended to promote justice our statutes have not authorized an entire change of parties in the course of suit. A suit may not be begun against one person and wind up with a judgment solely against a different person, unless he waives the change of parties. When the wrong person is sued, he is due to go out of court, and the new party is entitled to have the suit date from the time he is sued.

The new statute is not directed to amendments by adding new parties. It aims at getting into court the original party intended to be sued, using a fictitious name, until the true name is ascertained, and the proceeding amended accordingly.

[4] Applying the rules approved in other states, we think good practice demands that a complaint or proceeding under section 9515 should show that the plaintiff is ignorant of the name of the defendant sued, with some identifying description. The plaintiff knows at the time he brings suit whether he is using a fictitious name for the reason named in the statute, and it places no greater burden on him to so state, that the record may show a subsequent amendment is pursuant to that statute and not an effort to work an entire change of parties. Town of Hancock v. First Nat. Bank, 93 N. Y. 82; People v. Dunning, 113 App. Div. 35, 98 N. Y. S. 1067; Baxter v. Doe, 142 Mass. 558, 8 N. E. 415; Bachman v. Cathry, 113 Cal. 498, 45 P. 814.

The record shows the trial court allowed the amendment heretofore copied, not as an amendment under the new statute, but as adding a new party defendant.

[5] The amendment purports to be an addition to the complaint. It did not strike out the names of actual persons then before the court as parties defendant. With the amendment added the complaint still ran against the "defendants" as "owners" of the building. The court called attention on the trial that there were three parties before the court, and gave instructions accordingly. The order allowing the amendment shows Scruggs Investment Company was an additional party.

The nature of the amendment warranted such view. If not, plaintiff should have moved to amend nunc pro tunc so as to show the real action of the court. As the record stands, we cannot treat Scruggs Investment Company, a distinct legal person, as an original party defendant, so that the amendment can relate back to the bringing of the suit, and thus suspend the further running of the statute of limitations. That J. H. Scruggs, the original defendant, was a stockholder or officer of the corporation does not alter the situation. He is sued as owner of the building, and not as a managing officer responsible for the negligence of the corporate owner.

[6] As against a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party to the suit. A suit against one person cannot stop the running of the statute against another. Wilson v. Holt, 91 Ala. 204, 8 So. 794; Seibs v. Engelhardt, 78 Ala. 508; Nelson v. First Nat. Bk., 139 Ala. 578, 36 So. 707, 101 Am. St. Rep. 52; Cochrane v. Fuller, 17 Ala. App. 230, 84 So. 400.

[7] The amendment statute (Code, § 9513) limits amendments relating back to the commencement of the suit to those which refer to the same "transaction, property, and title and parties as the original." So an amendment which introduces a new cause of action within the definition of that statute does not relate back, but the statute of limitations runs until the new cause of action is introduced. Haynes v. Phillips, 211 Ala. 37, 99 So. 356.

[8] That no objection was taken upon the ground of departure does not prevent setting up defenses to the new cause of action, including the statute of limitations. Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804.

[9, 10] So, also, if an amendment works an entire change of parties defendant, the defendant brought in by amendment may waive the point and proceed to litigate his liability, and may set up the statute of limitations as other defenses. A waiver of jurisdiction over the person by appearance and plea does not waive lawful defenses to the action.

[11, 12] There was no error in giving the

affirmative charge for Scruggs Investment Company upon the plea of the statute of limitations. Where the affirmative charge is properly given, no injury results to the losing party by an explanation to the jury giving the court's view of the law upon which he bases his ruling. When the evidence is all in, and parties cannot be misled by the ruling, even a wrong reason for giving a correct charge is not reversible error.

[13] When a new party defendant is introduced by amendment, and under the testimony no recovery can be had against the original defendants, or either of them, the new party is also entitled to the affirmative charge. Otherwise an entire change of parties is effected by the expedient of retaining the original parties until the cause is submitted to the jury. Thomas v. Saulsbury & Co., 212 Ala. 245, 102 So. 115; Rarden Merc. Co. v. Whiteside, 145 Ala. 617, 39 So. 576. So the giving of the affirmative charge in behalf of Scruggs Investment Company may be justified on this additional ground.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.