COPELAND v. DIXIE CONST. CO. et al. (6 Div. 898.)

Supreme Court of Alabama. May 26, 1927.

1. Parties ⊜65(2)—Complaint cannot be amended to effect complete change of parties (Code 1923, § 9513).

Code of 1923, § 9513, does not authorize amendment to complaint, which works complete change of parties.

2. Parties ⊜65(2)—Successive amendments to complaint, whereby new party was added and original party subsequently stricken out, discontinues cause (Code 1923, §§ 5718, 9513).

Motion for discontinuance of action held properly granted, where plaintiff made successive amendments, by which new party was added and then original party was stricken out, since such procedure discontinues cause as effectually as if both results were accomplished by single amendment, notwithstanding Code 1923, § 5718, in view of section 9513.

3. Statutes ⊜225¼—Two statutes contemporaneously enacted will be construed as consistent, if reasonably possible.

In enacting statutes Legislature will not be presumed to have intended to contradict itself, and two statutes contemporaneously enacted will be construed as consistent with each other, if reasonably possible.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Mrs. O. S. Copeland against the Dixie Construction Company and others. From an order or judgment of discontinuance, plaintiff appeals. Affirmed.

On May 15, 1925, the plaintiff filed her complaint against the Dixie Construction Company, a corporation, claiming damages for an injury suffered from being struck by bricks falling from a building under construction by the defendant company, due, as al-

leged, to the negligence of the agents or servants of defendant acting in the line and scope of their employment.

On May 28, 1925, plaintiff amended her complaint by adding the Alabama Power Company, a corporation, as a party defendant, and also by adding a count claiming damages of both defendants, jointly and severally, for the same injury.

On June 3, 1925, plaintiff caused to be issued an amended summons and complaint on the same cause of action, making the said Dixie Construction Company and the said Alabama Power Company parties defendant thereto.

On August 8, 1925, plaintiff further amended her complaint by adding J. H. Wiggerman, an individual, as a party defendant, and summons was duly executed upon him on September 14, 1925. On January 19, 1927, several additional counts were added by amendment to the complaint, declaring on the same cause of action, with the averment that "the defendants were engaged in building" the structure from which the bricks fell upon plaintiff, as alleged. On the same day, as shown by the minute entry, plaintiff moved the court to strike Dixie Construction Company and Alabama Power Company as parties defendant. This motion was granted, and those parties were stricken.

Thereupon, J. H. Wiggerman, the sole remaining defendant, moved the court for a discontinuance as to himself, and the motion was granted. Plaintiff excepted to that ruling of the court, and this appeal is from the order of discontinuance.

M. B. Grace, of Birmingham, for appellant.

The plaintiff may add new parties defendant by amendment, and may strike out the original parties defendant without working a discontinuance as to the new parties defendant, and may take judgment against those not stricken as the liability may be disclosed by the evidence. Code 1923, § 5718; Grigsby v. Barton County, 169 Mo. 221, 69 S. W. 296.

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellee.

The statute of amendments does not authorize an entire change of parties. The original party defendant having been stricken, there was an entire change of parties, and the motion for discontinuance was properly granted. Rarden Mer. Co. v. Whiteside, 145 Ala. 617, 39 So. 576; Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

SOMERVILLE, J. [1] With respect to the statutory right to amend a complaint "by striking out or adding new parties plaintiff, or by striking out or adding new parties de-fendant" (Code 1852, § 2403), it was held in Leaird v. Moore, 27 Ala. 326 (1855), that no amendment was authorized which worked a complete change of parties. The original statute has been amplified in some respects, but as to striking out or adding parties it has remained unchanged through successive codifications down to the present time. Code 1923, § 9513.

The original construction has been uniformly adhered to by this court, and the restriction stated is as fully a part of the statute as if it were expressed therein. Rarden Merc. Co. v. Whiteside, 145 Ala. 617, 39 So. 576, citing earlier cases; Jones v. Engelhardt, 78 Ala. 505; Crawford v. Mills, 202 Ala. 62, 79 So. 456; Steele v. Booker, 205 Ala. 210, 87 So. 203; Thomas v. Saulsbury, 212 Ala. 245, 102 So. 115; Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

[2] And it is settled that successive amendments whereby a new party is first added, and then the original party is stricken out, discontinues the cause as effectually as if both results were accomplished at once by a single amendment. Rarden Merc. Co. v. Whiteside, supra; Roth v. Scruggs, supra; Pickens v. Oliver, 32 Ala. 626.

The rule of these decisions, unless changed by statute, undoubtedly governs the instant case. This is conceded by counsel for appellant. The insistence, however, is that this rule was in fact changed by the Act of September 8, 1915, amending section 2502 of the Code of 1907 (now section 5718 of the Code of 1923), and that the decisions since that time have taken no account of this amended statute.

Prior to the amendment of 1915, this statute simply authorized the plaintiff, in a suit against two or more persons on any joint or joint and several contract or cause of action, to discontinue as to defendants not served, and to proceed to judgment against the others. The amended statute provides that the plaintiff, in such an action against one or more persons, "may at any time amend the summons and complaint by striking out, or adding parties plaintiff or defendant, whether served or not, and such amendment shall not work a discontinuance as to any defendant not stricken out; but the plaintiff may recover such judgment as he may be entitled to against any one or more of the defendants."

[3] We do not think the Legislature intended, by these changes in the statute relating to discontinuances, to affect the statute regulating amendments, nor, as insisted by counsel for appellant, to destroy the rule declared in Rarden Merc. Co. v. Whiteside, 145 Ala. 617, 39 So. 576. Had they so intended, they would certainly have amended section 5367 of the Code (now section 9513, Code 1923), which the Whiteside and earlier cases had construed. In the enactment of

statutes a Legislature will not be presumed to have intended to contradict itself, and two statutes contemporaneously enacted will be construed as consistent with each other, if such a construction be reasonably possible.

Construing section 5718 in connection with section 9513, and looking to the distinct history and operation of each of them, we think that the above-quoted part of section 5718 means merely that, where the action is against several defendants and one or more of them has been stricken out by amendment, there is no discontinuance as to the one or more remaining defendants, and that, as to him or them, the plaintiff may proceed to judgment. The amended statute is awkwardly constructed, and some of its parts are not mutually adaptable, the part quoted being, by its very terms, necessarily restricted in its application to the single case where one or more original parties defendant have been stricken and one or more original parties remain.

Our conclusion is that section 5718 is without application to this case, and the ruling of the circuit court in granting the discontinuance as to appellee will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.