145 So. 485
## BIRMINGHAM GAS CO. v. SANFORD et ux.
6 Div. 72.

Supreme Court of Alabama.
Oct. 27, 1932.

Rehearing Denied Jan. 27, 1933.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellees.

KNIGHT, J.

William A. Sanford, suing alone, filed his complaint in the circuit court against the Birmingham Gas Company, seeking recovery of damages against the defendant for injuries to the house in which he resided and other property of plaintiff occasioned by blasting operation of the defendant in excavating or digging a ditch for the purpose of laying a gas main along Forty-First avenue, in Jefferson county, Ala. It is averred in the complaint that the residence and other property damaged were contiguous to Forty-First avenue, in and along which the excavation was made. That the residence and garage were of stone and concrete construction, the residence having a composition roof, and that there were concrete driveways to the garage, and concrete walks and steps.

In count X, added by amendment, it is averred that the "defendant so negligently conducted itself in and about the exploding of dynamite and blasting of rock formation in its excavation, as aforesaid, that, as a proximate result of said negligence, plaintiffs' said property was injured and damaged." Then follows a description in detail of the injuries.

In the complaint as originally filed on August 26, 1930, the plaintiff William A. Sanford averred that he was the owner of the property, and that the acts complained of

were done by the defendant during the month of March, 1930. The original complaint consisted of two counts, one predicating plaintiff's right to recover upon simple negligence and the other for a wanton wrong. On June 10, 1931, the plaintiff amended his complaint by adding counts A and B. However, up to said date, the said William A. Sanford continued as the sole plaintiff in the case.

On the 12th day of October, 1931, the plaintiff further amended his complaint by adding counts X and Y, and by making his wife, Mrs. Archevia Sanford, a party plaintiff with him in the cause, and at the same time withdrew all counts of the complaint except counts X and Y. In amended counts X and Y it is alleged that the property was jointly owned by the said William A. and Archevia Sanford.

The defendant thereupon moved the court to strike from the complaint as last amended the following words: "Plaintiff amends his complaint in the above entitled cause by adding thereto, as a party plaintiff, the wife of plaintiff, Mrs. Archevia Sanford, so that the style of this cause by way of plaintiff shall be William A. Sanford and Mrs. Archevia Sanford, plaintiffs." The stated grounds of said motion were that it appeared from each count of the complaint that the injury and damage complained of were "caused" in the month of March, 1930, and that the cause of action stated in each count thereof is barred as to the plaintiff Mrs. Archevia Sanford by the statute of limitations of one year. The court overruled this motion, and the defendant duly reserved an exception to this action of the court. With its motion to strike overruled, the defendant demurred to counts X and Y (the only counts then in the complaint), separately and severally, upon the ground, inter alia, it appears affirmatively therefrom that the cause of action of the plaintiff Mrs. Archevia Sanford is barred by the statute of limitations of one year. The demurrer was overruled as to all grounds.

In brief of counsel for defendant we find, under "statement of facts," the following statement: "So far as the questions raised on this appeal are concerned, no useful purpose could be served in reviewing the evidence in detail. The jury found the issues of fact in favor of the plaintiff, and no question involving the correctness of that finding is presented on this appeal."

The main question presented for our determination, on this appeal, is whether the plaintiff was properly allowed to amend the complaint by adding his wife, Mrs. Archevia Sanford, a joint owner of the property, as a party plaintiff, in view of the fact that the action was in case, with a statutory bar of one year; it appearing that the injuries and damages were done and suffered more than one year prior to the making of Mrs. Sanford a party plaintiff.

The appellant's counsel has argued this question with much force, and we are free to say that it is not without its difficulties. In some jurisdictions, noticeably Arkansas and Texas, it would seem that the courts hold that, after the statutory bar has become complete against the demand or claim of the party sought to be added as plaintiff by amendment, the amendment should not be allowed. National Fire Ins. Co. v. Pettit-Galloway Co., 157 Ark. 333, 248 S. W. 262; Baker v. Gulf, etc., R. Co. (Tex. Civ. App.) 184 S. W. 257; Temple Cotton Oil Co. v. Davis, 167 Ark. 448, 268 S. W. 38.

The case of Temple Cotton Oil Company, supra, was one for damages and in which the original cause of action accrued to the United Oil Mills, and the claim was assigned by it to the Temple Cotton Oil Company. The latter company was the beneficial owner, but by the law of Arkansas, the assignor—the person to whom the cause of action accrued—was a necessary party, though a nominal party.

The court in that case, citing the case of National Fire Ins. Co., supra, held the amendment came too late, holding that the cause of action as to the United Oil Company was barred by the statute of limitations.

So, in the National Fire Ins. Co. Case, supra, the fire insurance policy sued on provided that, if the insurer claimed that fire was caused by act of third person, the insurer should on payment of loss be subrogated to the extent of such payment to right of recovery by insured, and the right should be assigned to insurer. In the action, which was under the assigned policy, the Supreme Court of Arkansas held the insured a necessary party, the cause of action not being assignable at law. The court further held that there was no error in refusing to permit the insured to be made a party plaintiff because the action as to him was barred.

It requires no argument to demonstrate that the holding in the above-cited cases by the Supreme Court of Arkansas is at variance with the uniform holding of our own court. By virtue of section 5700 of the Code of Alabama the assignor in each of said cases would be a mere nominal party. The only party to the record would be the beneficial party, and the complaint could be amended at any time to make the assignor a party plaintiff, suing for the use of the assignee. Cowan et al. v. Campbell, for use, etc., 131 Ala. 211, 31 So. 429. The statute of limitation could not be invoked against the mere nominal plaintiff to defeat the cause of action.

The case of Baker v. Gulf, etc., R. Co. (Tex. Civ. App.) 184 S. W. 257, supports in a measure the appellant's contention, but what is

there said with reference to the bar of the statute is dictum. And in that case, the Supreme Court of Texas holds that adding a new party plaintiff where the property is claimed jointly by the plaintiffs did not set up a new cause of action.

In 37 Corpus Juris, 1065, it is stated: "The addition of a new plaintiff or plaintiffs by amendment does not constitute a new cause of action so far as the original plaintiff is concerned, and as to him the statute is suspended by the commencement of the action. As respects plaintiffs brought in by amendment, some decisions hold that the running of the statute is not arrested by the commencement of the action but continues until they are brought in by amendment; but others hold that the running of the statute is suspended as to them by the commencement of action." Adding that, "There is an obvious distinction between adding a plaintiff and adding a defendant." And the same author observes: "The general rule is well settled that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties." This court is firmly committed to that general rule with regard to new parties defendant. Roth v. Scruggs et al., 214 Ala. 32, 106 So. 182; Wilson's Adm'r v. Holt, 91 Ala. 204, 8 So. 794; Seibs v. Engelhardt, 78 Ala. 508; King v. Avery, 37 Ala. 169.

In support of appellant's contention that a party cannot be brought in as a party plaintiff, where the cause of action as to him is at the time barred by the statute of limitations, we are cited to the following Alabama cases: Roth v. Scruggs, supra; Barker v. Anniston, O. & O. St. R. Co., 92 Ala. 314, 8 So. 466; King v. Avery, 37 Ala. 1169. The case of Roth v. Scruggs, supra, deals with a case wherein it was sought to bring in a new party defendant, and not a new party plaintiff.

The case of Barker v. Anniston, O. & O. St. R. Co., supra, is not in point, and is easily distinguished from the case at bar. In that case the wife alone brought suit to recover damages of the railroad company for personal injuries received by her. At the time the injuries were received, the right of action was in the husband and wife for *the benefit of the husband*, not for the benefit of the wife. After the lapse of more than a year from the time of the accident, the complaint was amended by making the husband a coplaintiff with the wife. This court on appeal held that, inasmuch as the damages were for the benefit of the husband, and not for the benefit of the wife, the amendment introducing him as a coplaintiff with the wife stated a new cause of action, and was a new matter or claim, not within the lis pendens of the former suit brought by the wife.

The same consideration and reasoning led to the holding in the case of King v. Avery, 37 Ala. 169. In the King Case, Justice Stone speaking for the court said: "In the present case, the amendment should have been allowed, if the state of the proof authorized relief. The objection to its allowance is, that the proposed amendment made a new case—that when the amendment was allowed, the statute had barred the right therein asserted; and that, as to this new matter, or new case, the rule is, that the statute continues to run, not only to the time of filing the original bill, but up to the time when the amendment was allowed. We think the rule must be regarded as settled by the authorities, that 'if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute, until the time that the new claim is presented; because, until that time, there was no lis pendens as to that matter between the parties.' On the contrary, if the amendment set up no new matter or claim, but simply vary the allegations as to a subject already in issue, then the statute will run only to the filing of the original bill.

In the case of Cytron et ux. v. St. Louis Transit Co., 205 Mo. 692, 104 S. W. 109, 111, the father of a deceased minor son sued to recover damages for the death of his son. As originally filed, the father was sole plaintiff. After one year had elapsed the complaint was amended by adding the mother as a coplaintiff. The defendant interposed the defense that the action could only be brought by the father and mother jointly, and that as the mother was not brought in as a plaintiff until after the action was barred as to her, the amendment was not allowable. The statute of Missouri required that all such actions should be commenced within one year after the cause of action accrued. The Supreme Court of Missouri held that the amendment was allowable and, in disposing of the question, used the following language: "In the case at bar, the cause of action under the amended petition was the identical cause of action counted on in the original. It substantially required the same quantum and quality of evidence. The measure of damages was the same under each. The amendment did not substantially change the claim or defense. Hence the general identity of the transaction was preserved, and we conclude there is no substance in the assignment. * * * Scovill v. Glasner, 79 Mo. 449."

The Supreme Court of Kansas, in the case of J. H. Hucklebridge et al. v. Atchison, T. & S. F. R. Co., 66 Kan. 443, 71 P. 814, held that the amendment of a petition, in an action of damages, by the addition of a party plaintiff, did not change substantially the claim or defense, and that such an amendment, made more than two years after the cause of action accrued, relates back to the date of the

commencement of the suit, and the cause of action was not for that reason barred by the statute of limitations.

In the case of Ezekiel Vunk v. Raritan River R. Co., 56 N. J. Law, 395, 28 A. 593, the Supreme Court of New Jersey held that in a suit brought by the husband to recover damages against a railroad company for destruction of grass, trees, timber, and fences on land owned jointly by husband and wife, that the wife might be added as a party plaintiff, against objection of defendant, although at the time the amendment was offered and made the wife's action was barred by the statute of limitation.

In the case of Hougland et al. v. Avery Coal & Mining Co., 246 Ill. 609, 93 N. E. 40, the Supreme Court of Illinois held that, after verdict in a death action, brought within one year as required by statute, the court could allow an amendment after the expiration of the year, adding a necessary party plaintiff, and such addition would not be the commencement of a new suit or the statement of a new cause of action.

The Supreme Court of Oklahoma, in the case of Motsenbocker et al. v. Shawnee Gas & Electric Co., 49 Okl. 304, 152 P. 82, L. R. A. 1916B, 910, held, in an action brought by the mother, to recover damages for the negligent death of her minor son, that the filing of an amendment, adding the names of the brothers and sisters of the deceased as parties plaintiff in an action, though permitted more than two years after the filing of the original petition, was not the statement of a new cause of action, but the amendment related back to the commencement of the action so as to defeat the statute of limitations.

Our own court, in the earliest history of our amendment statutes, both at law and in equity took the position that these statutes were intended to accomplish just and salutary purposes, to discourage technical objections, and to secure a trial on the merits of each controversy; and to that end, we have uniformly held that our amendment statute should be liberally construed. The only limitations upon the right of amendment is that there must not be an entire change of either parties plaintiff or defendant, nor an entire new cause of action added. Steed v. McIntyre, 68 Ala. 407; Code, § 9513. And our statute expressly provides that amendments striking out or adding new parties plaintiff, or new parties defendant, or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, are allowable and such amendment shall relate back to the commencement of the suit.

The defendant was brought into court in this case to defend an action against it for injuring certain described properties. The full ownership of the property was alleged to be in the plaintiff suing. The title to the entire fee was thus brought before the court in the original suit. The defendant was not sued for injuries confined to a one-half interest in the property, but a full recovery of all injuries was sought. It developed that plaintiff, instead of owning the entire fee, only owned a one half interest therein and that his wife owned the other half interest. The amendment adding the wife, the other joint owner, was not the statement of a new cause of action, but simply corrected a mistake in averment that the original plaintiff owned the entire fee, and no damages, not claimed in the original suit, were sought. The cause of action under the amended complaint was the identical cause of action counted on in the original complaint. The amendment did not substantially change the claim or defense. The general identity of the transaction was preserved. The amendment, therefore, related back to the commencement of the suit, and arrested the running of the statute of limitations.

It therefore follows that the court committed no error in refusing to strike the amendment to the complaint making Mrs. Archevia Sanford a party plaintiff, nor in refusing to charge the jury that they could not find for this plaintiff under either court of the complaint.

Appellant's second assignment of error presents for review here the correctness of the court's action in overruling its demurrer to count Y of the complaint. It is insisted by appellant that this count is insufficient in averment to charge wantonness on the part of the defendant. We have carefully examined the count in question, and we are of the opinion, and so hold, that the count was sufficient, and not subject to demurrer. Bessemer Coal, I. & L. Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. (N. S.) 389; Harbison-Walker Ref. Co. v. Scott, 185 Ala. 641, 64 So. 547.

This brings us down to consideration of the propriety of the court's action in declining to give, at the written request of defendant, charges which, for convenience and identification, we have lettered upon the record A, B, and C. The appellees make the argument, in brief, that charge A was properly refused, (1) because of the use of the word "complied," instead of "complained"; (2) because this charge was fairly covered in the court's charge to the jury; and (3) because the charge omitted the words "to plaintiffs' property" at the end thereof. Suffice it to say that there is no such word as "complied" in the charge before us in the record, but the word there appearing is "complained." In the next place, we do not see that the charge under consideration was cov-

ered by anything said by the court in its oral charge, nor in any of the given charges. Nor were the words "to plaintiffs' property" necessary to complete the charge in question, or to make it a sound proposition of law, but the charge was properly refused for the reason it absolved the defendant from any damages on account of Robinson's action, unless he was conscious at the time that he was using a greater quantity of dynamite than was reasonably necessary to accomplish the undertaking, though he may have been conscious of the fact that the quantity so used, would probably injure plaintiffs' property.

Charge B was properly refused. It was subject to the same criticism as charge A.

The case of Bessemer Coal, I. & L. Co. et al. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. (N. S.) 389, is distinguishable from the case now before the court, in that in the Doak Case the defendant was blasting upon his own land, while in the instant case the defendant was blasting in a public street or avenue.

There was no error in refusing charge C.

The judgment of the circuit court is due to be here affirmed, no errors appearing in the record.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.