8 So.2d 266
**VAN LANDINGHAM v. ALABAMA GREAT SOUTHERN R. CO.**

6 Div. 950.

Supreme Court of Alabama.

May 21, 1942.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

GARDNER, Chief Justice.

Plaintiff (appellant here) sued the Alabama Great Southern Railroad Company for damages resulting from a collision between defendant's train and his automobile. During the progress of the cause plaintiff amended the complaint by striking from defendant's name the words "Alabama Great" and leaving the name of defendant as the "Southern Railroad Company". As we read the record, the defendant intended to be substituted was not properly described by the amendment. It appears the correct name is "Southern ·Railway Company" and not "Southern Railroad Company". We lay no stress upon this, however, but direct attention to keep the record straight.

The substituted defendant appeared and moved for a discontinuance of the cause upon the theory the amendment worked an entire change of party defendant. This motion was sustained and the cause dismissed.

Plaintiff's argument, with citation of authorities (Birmingham Gas Company v. Sanford, 226 Ala. 129, 145 So. 485; Oden v. McCraney, 235 Ala. 363, 179 So. 191; Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Davis v. Griffin, 225 Ala. 184, 142 So. 543; McDonough v. Commercial State Bank, 15 Ala.App. 429, 73 So. 754; King Land & Imp. Co. v. Bowen, 7 Ala.App. 462, 61 So. 22; Smalley v. Bank of Albertville, 15 Ala.App. 496, 73 So. 995; Singer Manufacturing Co. v. Greenleaf, 100 Ala. 272, 14 So. 109; Title 7, § 239, Code 1940), is rested upon the theory the amendment was a mere change in the descriptive name of defendant, permissible under the liberal construction of our amendment statute, Title 7, § 239, Code 1940, and worked no discontinuance of the cause.

■■ Of course, as we have often observed, the right of amendment is to be liberally indulged (Oden v. McCraney, supra), and it is clear enough that an error in the name of a party, either plaintiff or defendant, may be corrected by an amendment. And as said in Springer v. Sullivan, supra [218 Ala. 645, 119 So. 852], "whether the amendment introduces a new party, or relates to the same party by a different name, is a question of fact for the court to determine".

By the ruling of the court below this issue of fact was determined against plaintiff, and we think the conclusion reached is sustained by the undisputed proof. It appears the Alabama Great Southern Railroad Company, the first party defendant, is an Alabama corporation, a separate and independent corporation from that of the Southern Railway Company, incorporated under the laws of Virginia. The money of the two corporations is kept separate and each has its own claim account, with separate vouchers and claim blanks.

There are several railroads operating under the trade name of the Southern Railway System, among them the above mentioned, and the Cincinnati, New Orleans & Texas Pacific, the New Orleans and Northeastern and the G. S. & F. These railroads do not in any strict sense belong to the Southern Railway System, but merely operate under such trade name as a system.

Such is the proof, and with nothing to the contrary. "It has been many times ruled by this court that the statute of amendments * * * does not authorize an amendment as to parties, either plaintiff or defendant, that works an entire change of parties". Rarden Mercantile Company v. Whiteside, 145 Ala. 617, 39 So. 576; Roth v. Scruggs, 214 Ala. 32, 106 So. 182. And our statute (now Title 7, § 239) has been brought forward in our various codes without material change in this regard and such interpretation is to be considered as a part thereof.

So considered, and in the light of the undisputed proof, there was no mere change in the name of the defendant sued, but a substitution of one corporation for another and a different corporation as a party defendant to the cause. The case of Western Ry. of Alabama v. McCall, 89 Ala. 375, 7 So. 650, is much in point and Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871, 138 Am.St.Rep. 73, contains many illustrative authorities.

In King Land Company v. Bowen, supra, and Oden v. McCraney, supra, upon which plaintiff lays some stress, the proper parties had been sued but by an incorrect name (in the latter case merely by the middle initial of defendant's name) and the proper defendants had in each case appeared and defended the cause throughout the trial.

The instant case is readily distinguished. Here the Southern Railway Company had in fact never been sued. Plaintiff had simply brought his suit against the wrong corporation. And the Southern Railway Company did never appear and defend, but appeared specially for the purpose of offering the motion for a discontinuance. Ewart v. Cunningham, 219 Ala. 399, 122 So. 359; Copeland v. Dixie Construction Company, 216 Ala. 257, 113 So. 82.

We infer from the record the agent Griffis, who was served, also acted as an agent for the Southern Railway Company. The argument as to his answer to interrogatories, in the final analysis, is that Griffis should have disclosed to plaintiff the error in bringing the suit against the wrong corporation. The answer was not false. As to whether there was a collision between plaintiff's automobile and defendant's engine (that is the engine of the defendant Alabama Great Southern Railroad Company) the answer was "no, not insofar as is known to the agent of the defendant company who is making answers to these interrogatories on behalf of the defendant".

Strictly speaking the answer was correct and indicated definitely to plaintiff that no collision had occurred between his automobile and any engine of the defendant here sued. Undeniably this was true and as above indicated plaintiff had simply sued the wrong corporation. The argument for plaintiff would in fact place upon Griffis the further duty to go beyond the strict answer to the interrogatory and gratuitously advise against what corporation the suit should have been brought. We think the following authorities clearly show no such duty was imposed. Deep Vein Coal Co. v. Dowdle, Ind.App., 29 N.E.2d 806; Ksenich v. Lorain Street Ry. Co., Ohio App., 31 N.E.2d 266; West v. Johnson, Tex.Civ. App., 129 S.W.2d 811. We can find nothing in this record upon which any theory of estoppel may be rested.

We have discussed this feature of the case in deference to insistence of counsel for plaintiff in brief, but we can see nothing therein which affects the question here, which relates to an amendment by the substitution of one corporation for another as a party defendant to the cause.

We have reached the conclusion the ruling of the trial court was free from error and should be here affirmed.

It is so ordered.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.