94 So.2d 879

**J. W. BRASWELL, d/b/a Braswell Motor Company,**

v.

**Elbert N. BROOKS, for use of Iris Tint Brooks et al.**

5 Div. 579.

Supreme Court of Alabama.

April 25, 1957.

Wm. C. Hare, Tuskegee, for appellant.

Geo. S. Rodgers, Tuskegee, and Walter J. Knabe, Montgomery, for appellees.

GOODWYN, Justice.

This is a proceeding under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., as amended, brought in the circuit court of Macon County in behalf of three minor children for the death of their father, Morey Pits Brooks, which allegedly resulted from an accidental in-

jury arising out of and in the course of his employment by the defendant, J. W. Braswell, doing business as Braswell Motor Company. The trial court awarded judgment in favor of the children. The case is before us on certiorari granted on the employer's petition.

As argued here the employer insists that the trial court erred in the following respects, viz:

I. In permitting, over the employer's objection, an amendment of the complaint by changing the party plaintiff from "Elbert N. Brooks, as administrator of the estate of Morey Pits Brooks", to "Elbert N. Brooks, individually, for the use and benefit of Iris Tint Brooks, Ethel Brooks and Bobby Ray Brooks, minor children of Morey Pits Brooks, deceased." It is insisted that this amendment worked a "complete change of parties plaintiff."

II. In overruling the employer's motion to strike the complaint as amended, on the ground that the plaintiff in the amended complaint is not a proper party plaintiff.

III. In not finding that the claim is barred by the one-year statute of limitations, Code 1940, Tit. 26, § 296. The argument is that if the foregoing amendment was properly permitted the cause of action as to the substituted plaintiff was barred even though the original complaint was timely filed.

IV. In finding that the employee's injury was the cause of his death. The argument is that the evidence shows that death was due to a brain tumor and not the injury.

V. In making an excessive award and ordering payment in a lump sum.

VI. In not allowing credit to the employer for certain compensation payments made to the employee prior to his death.

### I and II.

As this court has often said, technical rules of procedure are to be disregarded as far as practicable in workmen's compensation cases. Humphrey v. Poss, 245 Ala. 11, 12–13, 15 So.2d 732, 733, and cases there cited. In the Humphrey case we held that a motion for a discontinuance in a workman's compensation proceeding was properly denied even though the plaintiff's amendment to the complaint had worked a complete change of parties defendant, and would clearly have entitled the defendant to a discontinuance of the cause in an ordinary action at law. The pertinent portion of the opinion is as follows:

"Treated as an ordinary action at law, the motion was due to be sustained, because the amendment worked an entire change of parties defendant. Van Landingham v. Alabama Great So. Ry. Co., 243 Ala. 31, 8 So.2d 266; Copeland v. Dixie Construction Co., 216 Ala. 257, 113 So. 82; Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576. But in harmony with the current of authority elsewhere (28 R. C.L. p. 824; 71 C.J. p. 974), this Court has often observed that in cases of this character technical rules of procedure are to be disregarded as far as practicable. Continental Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219; Schloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201. Or, as otherwise stated in Pittman Construction Co. v. Boles, 233 Ala. 187, 171 So. 268: 'The procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure.'

"The Minnesota Court in State [ex rel. London & Lancashire Guarantee & Accident Co. of Canada] v. District Court, 133 Minn. 402, 158 N.W. 615; L.R.A.1917D, p. 181, speaking of the matter of procedure in the Workmen's Compensation Law of that State (from which ours was largely borrowed), held in effect that if the real parties are before the court, it is immaterial who

may have brought the action in the first instance. In that case the administrator had first filed the complaint, and it appears that the dependent widow was allowed to proceed in her own name and adopt the allegations of the original complaint. While no authority directly in point upon the question of discontinuance has been brought to our attention or discovered by our research, yet we think the underlying principle of the foregoing authorities sustains the view that the court correctly ruled in denying the motion. The cross-assignments of error presenting this question are therefore without merit."

■ In addition to the persuasive authority of the foregoing, it is apparent from the record that the defendant suffered no injury from the allowance of the amendment to the complaint and the overruling of his motion to strike the amended complaint. The complaint clearly shows that the children are the real parties in interest and that the suit was brought in their behalf. Although the complaint was not brought strictly in accordance with Code 1940, Tit. 7, § 102, we do not think the trial court should be put in error for refusing to strike the amended complaint. To all intents and purposes the children were before the court in the manner prescribed by § 102. It may be here observed that neither the defendant nor the court was misled as to the true plaintiffs in the cause.

### III.

Having concluded that reversible error was not committed in allowing the hearing to proceed in the name of Elbert Brooks for the benefit of the children, the question is raised as to whether the cause of action as to the substituted plaintiff was barred by the statute of limitations. Code 1940, Tit. 26, § 296, provides that all claims for death compensation must be brought within one year after the death of the employee. It is undisputed that the original complaint was timely filed. However, the amendment was filed more than one year after the death of the employee.

■ This court has consistently held that "as against a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party to the suit." Tolbert v. City of Birmingham, 262 Ala. 674, 677, 81 So.2d 336, 339; Ruffin v. Crowell, 253 Ala. 653, 658, 46 So.2d 218; Birmingham Gas Co. v. Sanford, 226 Ala. 129, 133, 145 So. 485; Sibley v. Bowen, 222 Ala. 13, 14, 130 So. 547; Roth v. Scruggs, 214 Ala. 32, 34, 106 So. 182. Petitioner insists that the amendment added an entirely new party plaintiff in the suit and that his claim is barred because the amendment was made after the running of the one year statute of limitations. However, we do not think the amendment should be construed as adding a new party. It is clear that the amendment refers to the same parties in interest as the original complaint and properly relates back to the commencement of the suit. Code 1940, Tit. 7, § 239; Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 51, 61 So.2d 112, 115. As we said in the Lipscomb case:

"So long as the amendment refers 'to the same transaction, property and title and parties as the original,' 'such amendment shall relate back to the commencement of the suit'. Code 1940, Tit. 7, sect. 239; Lovett v. Funderburk, 224 Ala. 634, 636, 141 So. 557. The effect is to substitute the amended complaint for the complaint as originally filed, the same as though the original complaint had never been filed in the suit. * * *"

As the original complaint was filed within the required time, the claim was not barred by the statute of limitations.

### IV.

■■ It is argued that the trial court's finding of a causal relation between the employee's injury and his death was con-

trary to the evidence. This contention is thus stated in appellant's brief:

"The medical testimony of Dr. Homer L. Swanson, brain specialist of Atlanta, Georgia, was conclusive in that plaintiff's intestate's death was due to a tumor of the brain rather than to the injury allegedly suffered by the plaintiff's intestate while employed by the defendant."

While it may be true that Dr. Swanson's testimony tended to show that the employee's death was due to the inexorable progress of the brain tumor, there was other medical testimony that the employee's injury aggravated his condition and was a proximate contributing cause of his death. See, Southern Cotton Oil Company, Inc., v. Wynn, post, p. 327, 96 So.2d 159. As this court has often said:

"Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. * * *" Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12, 13, and cases there cited.

### V.

The parties appear to be in agreement that the award should have been in the amount of $18 per week for a total of 300 weeks instead of $23 a week as ordered by the trial court. The law applicable to this case so provided. Code 1940, Tit. 26, § 283, subdiv. A, par. 6 and subdiv. B. The judgment will be here modified in that respect.

The trial court ordered payment in a lump sum of 174 weekly payments which had accrued from the time of the employee's death on December 26, 1948, up to the time of the court's award. There was no error in so doing. See Morris v. Dickson, 252 Ala. 588, 590, 42 So.2d 337.

### VI.

Petitioner next insists that the trial court erred in failing to allow him full credit for disability payments made to the deceased employee before his death. Code 1940, Tit. 26, § 279, subsection (F), as amended, provides:

"In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and during the period of disability caused thereby death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death."

The trial court made a finding that compensation payments totaling $79.71 had been made to the employee before his death, and deducted this amount from the award of death benefits. Such finding apparently is based on a receipt placed in evidence by the defendant showing such payment to the employee during his lifetime. However, it is clear from the undisputed evidence that this receipt covered only a part of the payments actually made to Brooks. By agreement of counsel it was expressly stipulated that the payments totaled $547.71.

Appellee takes the position that the disability payments must be specially pleaded in order for the employer to get the benefit of them under § 279(F), and that in the case at bar the payments were not sufficiently brought to the attention of the trial court by the defendant's answer.

In Southern Cement Co. v. Walthall, 217 Ala. 645, 117 So. 17, 18, we held that voluntary payments in advance of settlement or award must be specially pleaded in order for the employer to get the benefit of them under § 278, Tit. 26, as amended. This section provides as follows: " * * * All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of the compensation * * *." In the Walthall case we said:

"The petition in this case sets up the disability of the workman for several months prior to his death, and also the fact of his death and the dependency of the widow and children. We see no escape from the conclusion that the defendant employer was bound to set up by answer or plea the fact and amount of his advance payments, both to the workman and to the widow after his death, in order to have the benefit of them under section 7550 [§ 278, supra]. Like other matters of defense such payments must be brought clearly to the attention of the trial court, as well as of the plaintiff, in the manner prescribed by the statute. [See Tit. 26, § 304.] Here no such claim was made, and, notwithstanding the hardship of the result, the trial court cannot be put in error for disregarding the payments."

Upon the authority and reasoning of that case we hold that disability compensation payments made to the employee during his lifetime must also be specially pleaded in order for the employer to get the benefit of them under § 279(F).

■ In the case at bar, however, the fact that disability payments were made was clearly brought to the court's attention by the defendant's answer. Paragraph 6 of the answer reads as follows:

"6. Defendant admits that he had notice of said accident and that he or his insurer paid certain hospital expenses and medical expenses and certain Workmen's Compensation Benefits under the laws of the State of Alabama. He admits that payments stopped prior to the date of Plaintiff's intestate's death and he alleges that this was done because of Plaintiff's intestate's refusal to, after numerous requests, be examined, X-rayed, and checked by a qualified and competent doctor and surgeon. He further avers that this request was not made only on Plaintiff but on Plaintiff's attorney of

record and that each was informed that unless such examination was permitted, all further benefits would be stopped, and he avers payment of Plaintiff's intestate of all money due him under the law, and that he has a written release for same."

It is true that the actual amount of the disability payments was not set out, but in view of the stipulation between the parties as to the amount of the payments, we entertain the view that the employer is entitled to full credit for the payments made to the employee during his lifetime, as stipulated. The trial court's award will be modified to allow the defendant a deduction of $547.71 rather than $79.71.

The judgment is modified and, as modified, affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.