139 So.2d 317

**W. E. BERRY**

v.

**James M. McGRAVIE.**

6 Div. 458.

Supreme Court of Alabama.

March 22, 1962.

London, Yancey, Clark & Allen, Birmingham, for appellee.

Cooper, Mitch, Black & Crawford, Birmingham, for appellant.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Jefferson County, Alabama. The plaintiff sued the defendant for personal injuries sustained in an automobile accident. The

trial court dismissed the complaint on the theory that amendments to the original complaint had worked an entire change of parties. It is because of this ruling that the plaintiff appeals.

On March 28, 1956, plaintiff Berry went with James M. McGravie, the only defendant left in the case after the amendments, and who was not an original defendant, in the latter's car on a common business mission. There was an automobile accident in which the plaintiff suffered substantial personal injuries. The car was owned by the defendant McGravie, but at the time of the accident was being operated by an agent or employee of Penton-Coker Motor Company, Inc., acting in the line and scope of his employment. Leslie Penton, an original defendant, was the President of Penton-Coker Motor Company at the time of its dissolution on September 26, 1956, and at the time of the accident was a business carrying on the sale and repair of cars in Birmingham, Alabama.

On March 22, 1957, plaintiff filed a complaint claiming damages for injuries received in the said accident. The complaint was filed by an out-of-state attorney against "Penton-Coker Motor Company, Inc., a Corporation; Penton-Coker Motor Company, a Partnership; Leslie Penton, Doing Business as Penton-Coker Motor Company; Penton-Coker Motor Company, Inc.; Richard Roe and John Doe, Doing Business as XYZ Motor Company, a Partnership, whose names are otherwise unknown, but whose correct names will be substituted upon the ascertainment thereof; Penton-Coker Motor Company, whose name is otherwise unknown, but whose correct name and the names of partners, if any there be, will be substituted upon the ascertainment thereof; John Roe, whose name is otherwise unknown, but whose correct name will be substituted upon the ascertainment thereof; XYZ Motor Company, whose correct name is otherwise unknown, but whose correct name will be substituted upon the ascertainment thereof."

The Sheriff of Jefferson County made a return "Not Found" as to all of the parties except John Roe. No return is made as to him. The returns were made on March 29, 1957.

On March 27, 1957, plaintiff Berry filed a paper styled "Amendment to complaint" in which he purported to add "James M. McGravie," and made other changes not here material. Service was perfected on James M. McGravie on April 6, 1957. On April 15, 1957, the Employers Mutual Liability Insurance Company of Wisconsin, hereafter referred to as Employers, by and through its attorneys, filed a demurrer in the name of James M. McGravie. This demurrer was filed by Employers on behalf of McGravie as his liability insurance carrier.

On July 31, 1957, Employers, by and through its attorneys, filed a petition for intervention in the court alleging that Employers had paid to plaintiff Berry on behalf of his employer, Gould National Batteries, Inc., workmen's compensation benefits, in the amount of $1484, as a result of injuries received in the accident, and alleging that Employers was subrogated to the rights of Berry in any judgment obtained by Berry through the amount paid him as workmen's compensation, and that it was necessary for the protection of the interests of Employers that it be allowed to intervene. Intervention was permitted on August 8, 1957, and on November 6, 1957, Employers filed a complaint in intervention.

On April 28, 1959, the case was called for trial. Employers, acting on behalf of McGravie, or more correctly Employer's lawyer, objected to sending the case out for trial until such time as service of process was obtained on defendants other than James M. McGravie.

Plaintiff Berry, with the acquiescence of the intervenors, Employers, thereupon amended the complaint, by, among other things, striking all parties defendant except James M. McGravie. The lawyers, acting on behalf of McGravie, raised no objection

to this action and the court then struck all defendants except McGravie.

Plaintiff Berry then filed an answer to the complaint in intervention alleging, in substance, that Employers had no right to diminish the amount of Berry's recovery by requesting the judge to take money out of one of its pockets in its capacity as liability insurance carrier of defendant McGravie, and then to put it into the other pocket in its capacity of subrogee to the rights of Berry.

Employers then requested, and was allowed, to withdraw its petition for intervention and its complaint in intervention.

McGravie, acting by and through the lawyers representing him, who were Employers' lawyers, then filed a motion for discontinuance, alleging that the striking of all parties defendant other than James M. McGravie had worked a complete change of parties defendant.

While this motion for discontinuance was pending, plaintiff Berry moved to amend his pleadings by withdrawing the amendment, striking all defendants except McGravie, and by amending the pleading theretofore filed on March 27, 1957, by replacing the words "by adding as party defendant thereto James M. McGravie" with the words "by substituting for defendant John Roe, James M. McGravie." McGravie objected to the allowance of the amendments in so far as the amendments might affect his status under the pending motion for discontinuance.

The court first overruled the objections of McGravie and allowed the amendments, but stated in its order that the amendments could not affect whether McGravie was added as a defendant or was to be considered as substituted for John Roe. The court then proceeded to grant the motion for discontinuance. Berry excepted.

On May 4, 1959, the court ex mero motu amended its order of April 28, 1959, by deleting and withdrawing that part of its original order which overruled defendant's objections to any extent as to the allowance of plaintiff's motion to amend and the amendment filed while the motion for discontinuance was pending. The court proceeded to sustain objections to each of the motions to amend made by the plaintiff while the motion for discontinuance was pending and made no change in his original order dismissing the cause and taxing the costs to the plaintiff.

On May 11, 1959, plaintiff filed a motion to vacate the order granting the discontinuance, but it was denied on May 22, 1959. On the same day, plaintiff filed a "Motion to permit plaintiff to file another complaint herein on Journey's Account and to order the clerk to issue another summons to James M. McGravie." This motion in the nature of a Journey's Account was overruled on May 29, 1959, and plaintiff excepted. It is from all these adverse rulings that appellant-plaintiff Berry appeals.

■ If during the progress of a suit, the plaintiff so amends as to bring in a new party or parties and to strike out the party or parties originally sued, thus working an entire change of parties defendant not allowable under our liberal rules, a motion for discontinuance is a recognized remedy. Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576; Copeland v. Dixie Const. Co., 216 Ala. 257, 113 So. 82; McKelvey-Coats Furniture Co. v. Doe, 240 Ala. 135, 198 So. 128; 15A Ala.Dig., Parties, ☞65(2); Title 7, §§ 238, 239, Code 1940.

■ Looking at the entire record which we have substantially set out, we find there has been an entire change of parties.

McGravie was not an original defendant in the suit filed on March 22, 1957. He was added as a party defendant by amendment on March 27, 1957, and the amendment by which he was added as party defendant in nowise indicated, nor do we think it was intended, that he was being substituted for a "Richard Roe," "John Doe," or "John Roe," original parties defendant. This is made doubly clear from the fact that Berry and McGravie were friends, worked for the

same people, and indeed were riding together in McGravie's car when Berry was injured. Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

The record shows that on March 27, 1959, the plaintiff struck all parties defendant except McGravie, thereby putting them out of the case. No further amendment could have the effect of bringing back into the case, as original defendant, the defendants who had been stricken.

Appellant relies largely on the case of McKelvey-Coats Furniture Company v. Doe, supra. Suffice it to say, the facts in that case are different from the facts in the case before us. There was always in that case a fictitious name for which a real defendant could be substituted when the real defendant's name and identity were ascertained. Here, after appellant elected to strike all defendants except McGravie, there was no defendant left in the case, either a real defendant or fictitious name for which a real defendant could be substituted when ascertained.

It is clear enough that the trial court correctly granted McGravie's motion for a discontinuance, and dismissed the case.

Appellant's theory that McGravie was estopped to move for a discontinuance is without merit and we see no reason to prolong the opinion by a discussion of it. Likewise, is his theory of the English pre-statutory common law remedy, which was known as "Journey's Account."

Under "Journey's Account," a plaintiff, whose suit was dismissed on matters of form, was allowed, for a time, to prepare another writ.

■ On account of our many statutory changes, the English remedy of "Journey's Account," if it ever existed in this state, has long since been consigned to the limbo of a forgotten past. We can perceive of no reason for its application in the State of Alabama.

We find no error in the record and the cause is due to be, and is, affirmed.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.