## PAYNE v. MARTIN.

1. A motion to dismiss for want of a *sufficient* appeal or certiorari bond must be made at the return term, else it is too late to make the objection.
2. And if cause dismissed on that ground after the return term, it is error.
3. If no bond be filed however, dismissal may be claimed at any time.
4. Where there are two successive writs of certiorari, the sueing out of the second one is a waiver of error in the decision on the first.
5. In a complaint of unlawful detainer, the possessory title of the plaintiff was good, but defectively described; held good after verdict.
6. In a record of unlawful detainer, the justice is not required to state all the evidence given, but only such as is objected to. And the proper proof will be presumed to have been made to support the verdict, unless the contrary be shewn
7. The complaint was for an *unlawful* detainer, verdict guilty. The magistrate enters judgement for a *forcible* and unlawful detainer; the word *forcible* is surplusage and no error.
8. The Circuit Court dismissed the cause improperly for want of a bond, instead of trying on the record, and affirming the judgement of the justice. Judgement of the Circuit Court here reversed and rendered at costs of the defendant in error.

THIS was a case of unlawful detainer, where a verdict and judgement had been rendered before a justice of the peace in Franklin county, in favor of G. W. Martin, against Gavin Payne.

Payne petitioned for a certiorari, alleging that in February, 1823, he built a house on a quarter section of land, originally purchased by Martin, but which previously to that time had been relinquished by Martin, and had reverted to the United States; that there were thirty or forty acres of cleared land at the time of his building said house, cultivated by James M'Donald; that the crop of said M'Donald being removed off, he, said Payne, being the occupant, took possession of the field, as none had a better right than he, the occupant in possession, the title being in the government, &c. that he was sued by Martin, &c. and a verdict was obtained against him, &c. and that he does not hold under said Martin, but in his own right, as best entitled thereto, being in actual possession, when no one has any title or right to the land, &c. A certiorari was ordered and issued, to which the justice of the peace returned the proceedings had before him.

The original complaint which was made the 16th February, 1824, by A. Winston, agent of Martin, states, "that Payne was in possession of forty acres of improved land, in a quarter section (described by numbers) known as Martin's settlement, or the place which G. W. Martin holds for a term of years: that said Payne, who was a tenant thereof for the last year, ending the 1st of January, 1824, wilfully withholds the possession, although demand was made and notice given according to law," &c. On this complaint a summons was issued and a jury empannelled to try the issue on the plea of not guilty. The magistrate's return proceeds to state that Winston produced a notice, to wit: " Mr Gavin Payne, Sir,—take notice that I hereby make demand of the possession of forty acres of improved land, which you wilfully hold over the possession of, which said premises I am entitled to. G. W Martin, by his agent A. Winston, 10th February, 1824." The jury having been sworn, the following witnesses were introduced and sworn:—James M'Donald on oath says, he rented the land of Col. Winston, as agent of G. W. Martin, and settled with him as the agent; that he gave Payne permission to build on the land as a favor, and that he permitted him to cultivate a small part of the field as a garden spot. Cross examined, says, he presumes Payne built on the outside of the field. John Lewis sworn: Payne told him that he had applied to Col. Winston to rent the land, but as Col. Winston did not see proper to let him have it, he intended to keep it. Anthony Winston being sworn, says, that Payne applied to rent then the land in dispute. He reserved the house on the land in dispute for Payne. Payne also applied to Col. Winston to get off with Mr Lewis, and that he would pay him rent. The foregoing testimony was admitted by the justice, believing it to be legal. A paper was produced by Winston with the name of Payne at the bottom, dated 10th January, 1824, whereby he promised to pay G. W. Martin one dollar per acre for thirty-three acres of land, by the Christmas next following. The defendant offered to prove that the plaintiff had relinquished to the United States the land in question; which evidence was rejected by the justice, on the ground that it was not competent to inquire into the estate or merit of the title. The evidence being closed, the jury found the defendant guilty, and the justice en-

tered judgement against Payne for a forcible and unlaw-
ful detainer, and awarded a writ of restitution. This was
substantially the return of the justice as certified by him.

At April term, 1824, of the Circuit Court of Franklin
county, on motion of the plaintiff, Martin, and on inspec-
tion of the record and proceedings, the *certiorari* was dis-
missed at the costs of the appellant, and a *procedendo* is-
sued to the justice.

During the same term, a second *certiorari*, under a new
petition, was awarded, and in July, a new bond was ex-
ecuted and the *certiorari* issued. The justice at the fall
term, 1824, made the same return as he had before made.
At the September term, 1825, the Circuit Court dismissed
the second *certiorari* on the motion of Martin, for want
of a proper and sufficient bond, awarded a *procedendo*,
and gave judgement for costs against Payne. [a]

*a* The bond was made payable to Winston, & Martin's name was not mentioned in it; and it recited a recovery by Winston instead of Martin.

Payne now prosecutes his writ of error in this Court,
and assigns for causes of reversal, that the *certiorari* was
wrongfully dismissed, and after a term had elapsed after
its return, and the *procedendo* was improperly awarded; that
the complaint is vague and uncertain as to *title*, kind of
estate held by complainant, or identity of the property or
its locality ; that the issue tried was not made on the sub-
ject matter of the complaint; that the verdict is vague and
uncertain and not founded on the proof, and that there
was not sufficient evidence to support the verdict; that
it did not appear that the jury were sworn according
to statute ; that the evidence offered by the defendant
was improperly rejected, and that there was no proof of
the service of the notice to quit.

MARTIN, for the plaintiff in error.

KELLY and HUTCHINSON, for the defendant.

JUDGE SAFFOLD delivered the opinion of the
Court.

THIS was a complaint of an unlawful detainer on which
the defendant in error, who was the original plaintiff, ob-
tained a verdict and judgement before the magistrate for
the premises in dispute. The plaintiff in error obtained
on said judgement two successive *certioraries* to the Cir-
cuit Court, both of which were on motion of the adverse
party dismissed. The question as to the legallity of the
first dismissal must be considered as having been waived

52

JANUARY 1828.

Payne
v.
Martin.

from the circumstance of the party having sued out the second *certiorari*, and attempted further to litigate the merits on the new writ.

It is assigned for error among other causes, that the Circuit Court dismissed the second *certiorari*, for the want of a sufficient bond to prosecute the same, and awarded a *procedendo* to the justice.

This motion was made at the second term of the Circuit Court after the return of the *certiorari;* a bond had been given, such it is presumed as was required by the clerk, the fiat of the Judge not having prescribed the form, but directed bond and security to be given as required by law. The law has not in such cases prescribed the form or substance of the bond, or expressly directed that any should be required. It has howevei, been the long established practice of our Courts, to require bond and security as a condition on which the *certiorari* is to issue, whenever from the nature of the controversy, it is necessary in the opinion of the Judge, to the security of the adverse party, and the statute [a] has recognized the validity of such bonds, as well as those given on appeals from judgements of magistrates, by providing that in either case, in the event of affirmance, judgement shall be entered against the security as well as the principal.

*a* Laws Ala. 518.

But by former decisions of this Court, with which we entertain no dissatisfaction, it is held in cases where bonds with security are required, if the party fail or refuse to give any, advantage may be taken thereof at any time before trial; but where bond has been given, if it be found defective or insufficient, as the fault is presumed to be with the officer taking it, exceptions can only be taken at the return term, and then the party shall be at liberty, if. he choose, to give a new bond in the appellate court. Here, inasmuch as no exceptions were taken at the first term, there is conceived to have been error in dismissing the *certiorari* at the subsequent term, on the ground of insufficiency of the bond.

Inasmuch as the judgement of the Circuit Court for the error aforesaid must be reversed, it becomes necessary to inquire what judgement should have been rendered in the Court below on the record before it, and for this Court now to render the same.

It is also assigned for error that the original complaint is vague and uncertain as to the title or kind of estate

held by the complainant. The complaint charges that Martin held the premises for a term of years, and that Payne was tenant thereof for the year 1823, and continued to hold over. To which, on the general issue, the jury found the defendant guilty. The statute requires that the complainant shall specify his estate in the premises. This compliant is conceived to have been rather indefinite in this respect, but it admits of no other interpretation, than a vague or imperfect description of a tenancy held by Martin for a term of years, by him let to Payne for one year, and by the latter held over. This was a good possessory title defectively described, and though a verdict cannot cure a defective title, it has the effect to aid and cure a defective description of a good title, and such is the case in the present instance.

Further assignments embrace the exceptions that the justice rejected evidence, that the land had been relinquished to the government; that no notice to the defendant below to quit the premises was in evidence ; that the jury were not sufficiently sworn, and that the verdict is insufficient.

To all these it is conceived a sufficient answer, that the right of property was not in contest; that relinquishment to the United States would not deprive the former occupant of the right to possession against his lessee, who might hold over. Notice to quit must be presumed to have been proven, as it is matter of evidence, and the contrary is not shewn. To determine the sufficiency and credibility of evidence is the province of the jury. The justice was not required by law to record and certify all the evidence, but only the admission of such as was objected to, and the rejection of evidence offered, with the reasons of such admission or rejection. *a*

*a* Laws Ala. 373.

The verdict finds the defendant guilty generally, which must be intended as charged, of an unlawful detainer, on which the magistrate gave judgement, as in case of *forcible* and unlawful detainer. The addition of *forcible* in the judgement, was unauthorized by the complaint or verdict; it could in no respect vary the legal effect of the conviction, and must therefore be rejected as surplusage.

Hence, it results that the judgement of the justice should have been affirmed in the Circuit Court, and the law demands of this Court the same judgement. But it cannot be admitted that the judgement of dismissal was

proper and legal, and that its deficiency is in the form only. The party was entitled to a hearing on the merits as presented by the record; this was refused him in the Circuit Court, and a dismissal entered, which left the conviction to rest alone on the judgement of the justice.

The unanimous opinion of this Court is, that the judgement of the Circuit Court be reversed; that the judgement of the justice be affirmed, and that the same be certified to the Circuit Court, in order that a new *procedendo* may be by that Court awarded to the magistrate, and that the plaintiff in error be allowed his costs in this Court.

Judgement reversed and rendered.

NOTE. See Minor's Ala. Rep. 98, 131, ante 26, 36.

