STATE EX REL. LONDON & LANCASHIRE GUARANTEE &
ACCIDENT COMPANY OF CANADA v. DISTRICT COURT
OF HENNEPIN COUNTY AND ANOTHER.[1]

June 30, 1916.

Nos. 19,837—(227).

**Workmen's Compensation Act — procedure summary.**
1. Proceedings under the provisions of G. S. 1913, § 8225, (Workmen's
Compensation Act) are summary in their nature. When the real parties
in interest have pleaded and a reasonable time has been given to all to
prepare for trial, the court may proceed to hear and determine the con-
troversy.

**Same — evidence.**
2. The evidence is amply sufficient to sustain the finding that the de-
ceased workman was an employee of the insured at the date of his
injury.

**Same — insurance — filing notice.**
3. Where an employer insures his workmen under the provisions of
the act (G. S. 1913, § 8227), it is not necessary to the maintenance of an
action against the insurer that the notice provided for in that section be
filed in the office of the labor commissioner of the state before the ac-
cident, which causes the injury, occurs.

Upon the relation of the London & Lancashire Guarantee & Accident
Company of Canada this court granted its writ of *certiorari* directed to
the district court of Hennepin county and the Honorable William C.
Leary, one of the judges thereof, to review a judgment entered in pro-
ceedings under the Workmen's Compensation Act by Minnie C. Enstad,
as administratrix of the estate of Charles P. Enstad, deceased, employee,
and the Chamber of Commerce of Minneapolis, employer, and Marie
Enstad, dependant, against relator. Affirmed.

[1]Reported in 158 N. W. 615.

Note.—For an elaborate treatment of all phases of the workmen's com
pensation acts, with review of all authorities, see notes in L.R.A. 1916A,
23-380.

*John F. Bernhagen* and *F. H. Durham*, for relator.

*H. V. Mercer & Co.* and *George W. Teitsworth*, for respondents.

SCHALLER, J.

The complaint sets out all the facts required by law, (G. S. 1913, § 8225, Workmen's Compensation Act). The proceeding was brought by the administratrix on behalf of the dependent widow against the employer and the relator. No point was made as to misjoinder until the trial. Then the relator objected to the employer's right to appear. The employer then adopted the allegations of the complaint. On further objection that the administratrix had no right to appear, the dependent widow was allowed to appear on her own behalf and to adopt as her own the allegations of the complaint. This was consented to by the employer. Relator was offered additional time to meet the situation, if it so desired, but it made no request to that effect, and went to trial.

After hearing the evidence and proofs, the court made findings and ordered judgment for the dependent widow and against relator. Relator brings *certiorari*.

Charles P. Enstad was a workman in the employ of the Chamber of Commerce of Minneapolis, Minnesota. On January 17, 1915, he was injured by an accident arising out of and in the course of his employment, from which injuries he died January 20, 1915, leaving surviving his dependent widow, Marie Enstad. His employer, who had actual notice of the accident and injuries at the time of the occurrence thereof, immediately gave written notice of such facts to the relator.

Prior to the accident the relator had insured the employer against loss growing out of injury to its employees. At the time its policy of insurance was issued, relator furnished to the employer a notice which was posted in a conspicuous place in and about the place of Enstad's employment. The notice was dated December 21, 1914, and recited the facts required by statute. At the same time a similar notice was delivered to the employer to be filed with the labor commissioner of the state. The notice for the labor commissioner was mislaid, and not discovered and filed with the commissioner until April 24, 1915.

Many of the assignments of error are aimed at rulings on motions involving the procedure herein. The question was raised whether the

Chamber of Commerce had any right to appear in the proceeding; whether the administratrix might bring the proceeding and whether the dependent widow had a right to be joined as a party.

1. The procedure in case of dispute is outlined in G. S. 1913, § 8225. Either party may present the matter to the court. The court must decide the merits of the controversy in a summary manner. In the instant case, the real parties in interest were in court; other parties appeared and all were heard. Whether the proceeding was brought by the proper party in the first instance is an academical question here. The real dependent became a party and the court has determined the controversy. The proceedings were summary. The statute intends that they shall be. No prejudicial error can be predicated on the rulings of the court.

Two other questions present themselves: (1) Is the finding that Charles P. Enstad was an employee sustained by the evidence? (2) Was it necessary to the maintenance of the proceeding against the relator that the notice be filed with the labor commissioner before the accident occurred?

2. The evidence is ample to support the finding that deceased was an employee of the corporation and not an independent contractor.

3. The statute, so far as applicable here, provides (G. S. 1913, § 8227):

"If the employer shall insure to his employees the payment of the compensations provided by part 2 of this act, in a corporation or association authorized to do business in the state of Minnesota and approved by the insurance commissioner of the state of Minnesota, and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is so insured and stating by whom insured, and if the employer shall further file copy of such notice with the labor commissioner of the state of Minnesota, then, and in such case, any suit or actions brought by an injured employee or his dependents shall be brought directly against the insurer, and the employer or insured shall be released from any further liability."

This proceeding was begun in July, 1915, nearly three months after the notice was filed with the labor commissioner. The statute does not say when the notice should be filed. It provides that, when the notices have been posted and filed as required, the action shall be brought directly against the insurer. In this case the notices had been properly posted

before the accident. The notice was filed with the commissioner of labor after the accident but nearly three months before this proceeding was instituted. The requirements of the law had been complied with. The dependent widow was strictly within its language. Her claim against this relator can possibly be defeated by interpolating the words "before the accident" in the sentence which provides for filing a copy of the notice with the labor commissioner, a thing which the lawmakers have not done, although they had the power.

In view of our holding on the principal points herein, a discussion of other questions raised becomes unnecessary.

Judgment affirmed.