171 So. 268

**PITTMAN CONST. CO. v. BOLES.**

**5 Div. 238.**

Supreme Court of Alabama.

Dec. 3, 1936.

W. H. Sadler, Jr., of Birmingham, for appellant.

W. C. Hare, of Tuskegee, for appellee.

ANDERSON, Chief Justice.

This controversy involves an award by the circuit court of Macon county under the Workmen's Compensation Act (Code 1923, § 7534 et seq.).

Section 7578 of the Code of 1923, in prescribing the procedure in case of a controversy, provides in part as follows, to wit: "The complaint shall be filed with the clerk of the court and upon service of such complaint, as hereinafter provided for, any judge of such court shall make an order fixing the time and place for the hearing thereof, which time shall be not less than thirty days after the service of summons to the employer as hereinafter provided for. Summons to answer such complaint shall be issued by the clerk, accompanied by a copy of the complaint, both of which shall be served by the sher-

187

iff upon the employer. Within five days prior to the date fixed for the hearing of the controversy, the employer shall file a verified answer to the complaint setting up the facts which he relies on in defense thereof. At the time fixed for the hearing or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded, to try the issue of wilful misconduct on the part of the employe, decide the controversy."

It must be noted that the procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure. State ex rel. Duluth Diamond Drilling Co. v. District Court, 129 Minn. 423, 152 N.W. 838.

It must also be observed that the above-quoted provision requires that, upon service of the summons and complaint, "any judge of such court shall make an order fixing the time and place for the hearing thereof, which time shall be not less than thirty days after the service of summons to the employer as hereinafter provided for." This record fails to show that this order was made and that this defendant was in default when the default judgment was rendered. In other words, the defendant could not be in default except for a failure to file an answer to the complaint within five days prior to the date fixed for the hearing of such controversy and, as above noted, no order was made fixing the date for the hearing as required by the statute.

The writ is awarded and the judgment of the circuit court is reversed and the cause is remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.