180 So. 725

### Ex parte PITTMAN CONST. CO.

### 5 Div. 43.

Court of Appeals of Alabama.

Jan. 18, 1938.

Rehearing denied Feb. 22, 1938.

Further Rehearing Denied March 8, 1938.

W. H. Sadler, Jr., of Birmingham, for appellant.

W. C. Hare, of Tuskegee, and Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellee.

## PER CURIAM.

· The controversy in this case involves an award by the circuit court of Macon county under the Workmen's Compensation Act, Code 1923, § 7534 et seq., as amended.

On the first trial of this cause in the circuit court judgment was awarded plaintiff, and on certiorari to the Supreme Court, Pittman Construction Co. v. Boles, 233 Ala. 187, 171 So. 268, the judgment was reversed and a new trial ordered.

On the second trial in the circuit court judgment was again awarded the plaintiff in an amount within the jurisdiction of this court. On May 19, 1937, and within 30 days from the rendition of judgment in the lower court, petition was filed in this court praying the issuance of a writ of certiorari directed to the circuit court of Macon county requiring the record and proceedings in that court in the case there pending to be certified to the Court of Appeals for inspection and for other appropriate relief.

On May 27, 1937, this court issued the writ of certiorari, as prayed, requiring petitioner to execute an indemnifying or supersedeas bond in the sum of $1,870, ·and · to make return thereto at the fall term of the Fifth division, the third Monday in November, 1937, to this court.

The writ after the formal statement contained the following: "We therefore command you to make diligent search of the records and proceedings in your office in the above cause, and certify, together with this writ, a full and complete transcript of said records and proceedings, and require petitioner to execute a supersedeas bond in the sum of Eighteen Hundred and Seventy Dollars ($1870.00), and make return hereto at the next call of the Fifth Division, the third Monday in November, 1937, to our said Court of Appeals at Montgomery."

This order was signed by the clerk of this court on the 27th· day ·of May, 1937, of which the petitioner had notice.

On November 16, 1937, no return having been made to the writ, motion was made by the plaintiff for a dismissal of the petition, which motion was accompanied by a certificate of the clerk of the circuit court of Macon county certifying that no᷄bond had been made by the petitioner as required by the order of this court, issued the 27th day of May, 1937.

On November 19, 1937, this cause coming on to be heard, the motion to dismiss was granted.

Motion is now made by the petitioner to set aside the order of dismissal on the grounds: (1) That the order was im-' providently issued; (2) that petitioner's counsel misinterpreted the order of the court requiring the giving of the bond as a condition precedent to the issuance of the writ; (3) that this court, under the statute, was without authority to require the giving. of a bond as a condition precedent ·to the issuance of the writ of certiorari.

Section 14 of the Code of 1923 provides: "The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this State, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."

Section 8986 of the Code of 1923 provides: "The common law, as now in force in this state, touching any of the matters embraced in this chapter [Chapter on Statutory Certiorari], is not repealed, but left in full force."

 This being a common-law state, wherever and whenever a statute is enacted

136

by the Legislature such statute is enacted consonant with the common law as it then obtains, unless such common law has been changed by statute.

■■ Sections 7571 and 7578 of the Code of 1923 were thus enacted, and must be construed in connection with the common law as it then existed. In section 7571, after setting forth the manner in which a controversy between employer and employee for personal injury should be submitted to a trial court, it is simply provided: "From such decree any aggrieved party may by certiorari within thirty days thereafter appeal to the supreme court of Alabama." Under existing statutes this would apply to the Court of Appeals in cases within its jurisdiction.

Dealing then first with the power of this court to require the execution of a bond to indemnify the appellee against loss. While the statute authorizes a review by certiorari, there is no statutory provision regulating the issuance of such a writ, and, therefore, this provision of the statute must have been made in consonance with the requirements of the common law.

■■ The writ of certiorari is not regarded as one of right, but rather one which is discretionary with the court, in order to promote the ends of justice as effectively as possible. 10 Am.Jur. p. 530. And, while the right to the writ has been given by section 7571, supra, of the Code of 1923, the discretion of the court has not been taken away.

■ It is a general rule, to which we find no exception, that, if it is discretionary to issue or not to issue the writ, the court may, in the exercise of its discretion, and it is nearly always a proper exercise of discretion, impose the giving of a bond or recognizance of costs and for the indemnification of the defendant in certiorari as the terms upon which the writ shall be allowed; and in some states this has grown to be a settled, uniform practice. Webb v. McPherson & Co., 142 Ala. 540, 38 So. 1009; Payne v. Martin, 1 Stew. 407; Childress v. McGehee, Minor 131.

In the cited case of Payne v. Martin, supra, our Supreme Court said: "The law has not * * * prescribed the form or substance of the bond, or expressly directed that any should be required. It has however, been the long established practice of our Courts, to require bond and security as a condition on which the certiorari is to issue, whenever from the nature of the con-

troversy, it is necessary in the opinion of the Judge, to the security of the adverse party."

Following the above rule and supported by the decisions of other jurisdictions, the text in Enc.Pl.Pr. p. 185, reads as follows: "As it is discretionary with the court to issue or not to issue a writ, the court may, in the exercise of its discretion (and it is nearly always a proper exercise of discretion), impose the giving of a bond or recognizance for costs, and for the indemnification of the defendant in certiorari as the terms upon which the writ shall be allowed."

■ While the bond required to be given in the order issued by this court on May 27, 1937, is denominated (inaptly perhaps), a supersedeas bond, when used in connection with the writ, it would mean nothing more or less than a bond to indemnify the appellee in the cause against loss by reason of the wrongful suing out of the writ, and as such we deal with it here. In a proceeding in supersedeas the bond required is denominated technically a supersedeas bond, and in a proceeding in certiorari such bond is technically called a bond of indemnity. The purpose of both is the same, that is, to indemnify the appellee against loss by reason of the wrongful suing out of the writ.

■ As we take it, the enactment of the Legislature as appears in section 7571 of the Code of 1923, supra, is simply a designation of the remedy open to the losing party in a controversy submitted under that section without limiting or taking away the power of the appellate court, as defined by the common law and the decisions of the Supreme Court and this court.

■ As to whether or not the writ was improvidently issued; the petitioner offered no evidence tending to prove the solvency of the petitioner against whom the judgment was rendered. Without this bond as required by the order of this court, and for all we know, the defendant in the court below by the delay in suing out the writ might dissipate his property, placing it beyond reach of an execution, and thereby defeating the plaintiff in his right under the judgment.

■ As to the misunderstanding of petitioner's counsel as to the meaning of the order of this court; the order must be taken as a whole. One of its requirements was that an indemnifying or supersedeas bond be given. The motion was pending in the

court and, if there was uncertainty as to interpretation of the order, it was open to counsel to have it more explicitly stated. As we read it, the requirement of the filing of the bond for the protection of the appellee in his rights was ample to inform petitioner that such was the requirement of this court.

The motion to set aside the order of dismissal is denied.

On Rehearing.

The opinion is amplified and application overruled.