9 So.2d 6

## BREEDING v. TENNESSEE VALLEY AUTHORITY.

### 8 Div. 170.

Supreme Court of Alabama.

June 5, 1942.

Rehearing Denied June 30, 1942.

Wm. C. Fitts, Jr., Gen. Counsel T.V.A., and Chas. J. McCarthy and John P. Gaither, all of Knoxville, Tenn., for appellee.

BOULDIN, Justice.

Is an employee of Tennessee Valley Authority entitled to the benefits of the Workmen's Compensation Law of Alabama, Code 1940, Tit. 26, § 253, et seq., in case of accidental injury arising out of and in the course of his employment?

■ The Tennessee Valley Authority, a corporate governmental agency of the United States, is subject to suit only as granted by act of Congress.

The creative act provides: "Except as otherwise specifically provided in this chapter, the Corporation * * * May sue and be sued in its corporate name." 16 U.S.C.A. § 831c(b). By the section im-

Chas. H. Eyster, of Decatur, for appellant.

mediately preceding, it was provided: "Insofar as applicable, the benefits of sections 751-793 of Title 5 shall extend to persons given employment under the provisions of this chapter." 16 U.S.C.A. § 831b.

Title 5 U.S.C.A. §§ 751-793, known as the Federal Employee's Compensation Law, providing "Compensation for injuries to employees of United States" is a comprehensive statute, of the general tenor and effect as Workmen's Compensation Laws of the several states. It is administered by "The United States Employees' Compensation Commission" appointed by the President, with the advice and consent of the Senate." Title 5 U.S.C.A. § 778.

■ In Posey v. Tennessee Valley Authority, 93 F.2d 726, decided by the Circuit Court of Appeals of 5th Circuit, on appeal from the District Court of the Northern District of Alabama, the sole question here presented was decided in the negative. That decision, construing the above provisions of the act creating the Tennessee Valley Authority, clearly held the Federal Employee's Compensation Law furnishes the exclusive remedy for injuries to employees of the Authority.

The holding, and reasons therefor, are best understood by reading the opinion.

Appellant insists the holding was dictum. The court declared: "The remedies available to an employee of the Authority who is injured while working in Alabama are for decision." The ruling of the trial court noted in the same paragraph discloses why the court so declared.

■ The act extending State Workmen's Compensation Laws to buildings and works of the United States, Title 40 U.S.C.A. § 290, expressly provides: "That nothing in this section shall be construed to modify or amend sections 751 to 796 of Title 5 [namely, the U. S. Employee's Compensation law, as applied to employees of the United States]." Contractors constructing public buildings on government reservations and their employees seem to be brought within State Workmen's Compensation law, but not employees of the United States.

■ It is argued that the Workmen's Compensation Law of Alabama covers injuries from heat prostration under conditions defined in Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, and Pow v. Southern Const. Co., Inc., 235 Ala. 580, 180 So. 288, and that the Federal Employee's Compensation Law, as construed by the Commission, does not cover such injuries; and the power to sue and be sued should apply to such a case. All the conflict of authority and jurisdiction discussed in the Posey case would appear to the full by such construction.

■ True, the right to sue government agency when granted by Congress is to be liberally construed. This was recognized in the Posey case. See Keifer & Keifer v. Reconstruction Finance Corp., 59 S.Ct. 516, 306 U.S. 381, 83 L.Ed. 784, 792. None of these matters seem to affect the continuing authority of the Posey case, frequently cited in annotations to the statutes.

This case was decided in 1937. The Congress has not seen fit to change the law as there announced.

It does seem the Congress has extended the field of operation of the United States Employee's Compensation Act. Title 5 U.S.C.A. §§ 794, 796 and 797.

■ The Workmen's Compensation Law of Alabama does not extend its benefits to its own employees, or the employees of its agencies and departments. They must depend on such relief as may be had through the State Board of Adjustment. Title 55, §§ 333-344, Code of 1940.

It would seem out of keeping with such policy to extend our Workmen's Compensation Laws to employees of federal agencies, unless the act of Congress clearly so provides. This can not be said in view of the Federal Employee's Compensation Law, especially incorporated by reference in the act creating the Tennessee Valley Authority.

■ We are impressed, in the absence of a decision of the Supreme Court of the United States, we should accept and follow the decision of the U. S. Circuit Court of Appeals in the Posey case, supra. Handy v. Goodyear Tire & Rubber Co., 230 Ala. 211, 160 So. 530.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.