15 So.2d 732

**HUMPHREY v. POSS et al.**

**7 Div. 756.**

Supreme Court of Alabama.

Nov. 26, 1943.

James L. Carter, of Anniston, for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Knox, Liles, Jones & Woolf, of Anniston, and Lange, Simpson, Brantley & Robinson, of Birmingham, for appellees.

GARDNER, Chief Justice.

Complaint was duly filed by Dora Humphrey, seeking compensation under the Workmen's Compensation Law of Alabama (Title 26, Sec. 253 et seq., Code of 1940) for the death of her husband, Jethro Humphrey, which resulted from an accident arising out of and in the course of his employment.

The original parties defendant were Odis Poss and Otis Poss. Other parties defendant were subsequently added by amendment, and within the time limit of the statute. But as last amended, the names of Odis and Otis Poss were stricken as parties defendant. This left the proceeding as one against Fort McClellan Post Exchange, American Employers Insurance Company, a corporation of Boston, Massachusetts, and American Employers Insurance Company, Inc., a corporation of Boston, Massachusetts, as the sole parties defendant. Each of these defendants filed a motion for a discontinuance of the cause of action and reserved exception to the ruling of the court overruling said motion.

Treated as an ordinary action at law, the motion was due to be sustained, because the amendment worked an entire change of parties defendant. Van Landingham v. Alabama Great So. Ry. Co., 243 Ala. 31, 8 So.2d 266; Copeland v. Dixie Con-

struction Co., 216 Ala. 257, 113 So. 82; Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576. But in harmony with the current of authority elsewhere (28 R.C. L. p. 824; 71 C.J. p. 974), this Court has often observed that in cases of this character technical rules of procedure are to be disregarded as far as practicable. Continental Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219; Schloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201. Or, as otherwise stated in Pittman Construction Co. v. Boles, 233 Ala. 187, 171 So. 268: "The procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure."

The Minnesota Court in State v. District Court, 133 Minn. 402, 158 N.W. 615, L.R.A.1917D, p. 181, speaking of the matter of procedure in the Workmen's Compensation Law of that State (from which ours was largely borrowed), held in effect that if the real parties are before the court, it is immaterial who may have brought the action in the first instance. In that case the administrator had first filed the complaint, and it appears that the dependent widow was allowed to proceed in her own name and adopt the allegations of the original complaint. While no authority directly in point upon the question of discontinuance has been brought to our attention or discovered by our research, yet we think the underlying principle of the foregoing authorities sustains the view that the court correctly ruled in denying the motion. The cross-assignments of error presenting this question are therefore without merit.

This brings us to a consideration of the merits of the case, i. e., as to the correctness vel non of the ruling of the court below in sustaining demurrers of the last-named defendants to the petition resulting in the nonsuit from which this appeal is prosecuted. Counsel for petitioner insists that the State Workmen's Compensation Law is applicable in territory ceded to the Federal Government, such as Fort McClellan. 40 U.S.C.A. § 290. This question was considered in Pound v. Gaulding, 237 Ala. 387, 187 So. 468, wherein reference was made to the Act of Congress of 1936, which made the Workmen's Compensation Laws of the several States applicable in territory ceded to the Federal Government and lying within the exterior boundaries of any State.

But that question does not solve the problem here presented. From the petition it appears that the employer of petitioner's intestate was the Fort McClellan Post Exchange, a party defendant. The first matter, therefore, for consideration is whether or not such Post Exchange is entitled to the immunities of the Federal Government against suit or liability in actions of this character. We think that question has been foreclosed adversely to the petitioner by the Supreme Court of the United States in Standard Oil Co. v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611, in which it was expressly held by a unanimous court that Post Exchanges as now operated are arms of the Government deemed essential for the performance of governmental functions. The following expression is here particularly pertinent: "They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal statutes." See also, to like effect, United States v. Query, D.C., 37 F.Supp. 972; 140 A.L.R. 632.

It is a well established principle based upon public policy that the United States is not subject to suit without its consent. Moon v. Hines, 205 Ala. 355, 87 So. 603, 13 A.L.R. 1020. This immunity would clearly follow so essential a governmental agency as the Post Exchange, which is, as above indicated, an integral part of the War Department; and we are cited to no Federal statute indicating any intention of Congress to waive such immunity. It is clear enough that the provisions of Sec. 290, Title 40 U.S.C.A., supra, give no foundation for such a construction. In the recent case of Breeding v. Tennessee Valley Authority, 243 Ala. 240, 9 So.2d 6, this Court gave express recognition to this principle of immunity in holding that the Tennessee Valley Authority was without the influence of the Alabama Workmen's Compensation Law, following in this regard the case of Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726. In the Breeding case, [243 Ala. 240, 9 So.2d 7] we use the following expression: "Contractors constructing public buildings on government reservations and their employees seem to be brought within State Workmen's Compensation Law, but not employees of the United States."

We may add, also, that the case here presented for the Post Exchange is even stronger than that considered in Breeding

14

v. Tennessee Valley Authority, supra, as in the latter there was a general provision to the effect that the Tennessee Valley Authority was authorized to sue and be sued, while as to the Post Exchange, no such authority is found in any statute. It is clear enough that if the Post Exchange should exercise its right, as any other employer might, not to come within the influence of the State Workmen's Compensation Law, Code 1940, Tit. 26, § 253 et seq., it would not be subject to suit, either at common law or under the Employer's Liability Act, Code 1940, Tit. 26, § 326 et seq. It is immune from suit. It would, therefore, be entirely illogical to say that Congress intended to authorize a remedy under the Workmen's Compensation Law of a State and at the same time grant, as against the same agency, immunity as to other kinds of actions involving the identical accident.

■ The petition is based upon the theory that the decedent was an employee of the Post Exchange. Counsel argues, however, in brief concerning a certificate of the United States Employees' Compensation Commission, 5 U.S.C.A. § 778, to the effect that decedent was not an employee of the United States, which holding, he insists, is conclusive of the question. Though the certificate of the Commission was not made a part of the petition, yet it was filed in the court below and appears in the record here. And it may be conceded, as argued by counsel, for the purpose of this case only, that under Webb v. J. G. White Engineering Corp., 204 Ala. 429, 85 So. 729, judicial notice should be taken of the finding of the Employees' Compensation Commission. We may treat the case upon consideration of such finding. It is clear enough, however, there is no language in Sec. 787, 5 U.S.C.A., indicating any intention on the part of Congress to have any such finding by the Compensation Commission binding upon this Court, so far as concerns the application of our own compensation laws. Nor do we find anything in the provisions of this section which would preclude a court review of any legal question involved in a case of this character. An examination of the certificate found in the record shows upon its face that the decedent was an employee of the Post Exchange at Fort McClellan, Alabama. The certificate adds, however, that he was paid from funds derived from the business of the Post Exchange, and concludes with the holding that he was not a civil employee of the United States at the time of his death.

■ As we understand it, this can mean only one thing, and that is that the Commission has held as a matter of law that the decedent was not a civil employee of the United States, for the sole reason that his name did not appear upon the payroll. In 5 U.S.C.A. § 790, the term "employee" is defined as including "all civil employees of the United States." We cannot conceive that this definition is to be given so restricted a meaning as to have reference only to an employee who is upon the payroll of the Federal Government. If decedent was an employee of the Post Exchange, and the Post Exchange is an integral part of the War Department, it is difficult to understand why he should not be considered a civil employee of the United States whether appearing upon the payroll or not. The holding of the Commission, therefore, as to this decedent, appears to our mind to be in conflict with the decision of the United States Supreme Court in Standard Oil Co. v. Johnson, supra. If our line of reasoning be correct, therefore, under the cases of Posey v. Tennessee Valley Authority and Breeding v. Tennessee Valley Authority, supra, petitioner's case would come within the influence of the Federal Employees' Compensation Law, as found in Sections 751–795, Title 5 U.S.C.A.

The question of primary importance which we are called upon here to determine is whether or not the Post Exchange is subject to suit and whether or not the State Workmen's Compensation Law is applicable to such an agency of the Government. We think the authorities above cited clearly demonstrate that the Post Exchange is entitled to the same immunity as the Federal Government, and that its demurrer was properly sustained.

■ But counsel for petitioner further argues that he may maintain an independent suit against the insurance carrier whether or not liability could be fastened upon the insured, the employer. This argument is based upon that portion of Sec. 309, Title 26, Code of 1940, having reference to insurance by the employer with a company approved by the proper State authorities and with notice placed about his place of business and other matters not necessary here to relate, and providing that, under these stated conditions, action may be brought by the injured employee or his dependents directly against the insurer.

This particular feature of the statute was given reference in Pounds v. Travelers Insurance Co., 239 Ala. 573, 196 So. 108, but was held inapplicable in that particular case. The Court did observe, however, in the Pounds case that there was in fact no privity of contract between the employee and his employer's insurance carrier, and that in the absence of some applicable statute authorizing suit to be brought directly against the insurer in the first instance by the employee on the contract, no such right exists.

But the difficulty we find in giving application to this feature of the statute to the instant case is the inevitable conclusion, as pointed out in Breeding v. Tennessee Valley Authority, supra, that the Workmen's Compensation Law of this State was without application to the employer, the Post Exchange, and it cannot logically follow that plaintiff may maintain a suit on the strength of a statute which had no application.

A somewhat similar situation was before the Court of Appeals of Louisiana in Harris v. Louisiana State Normal College, 18 La.App. 270, 134 So. 308, 138 So. 182, and a like conclusion reached. Under the case of Woods v. United States Fidelity & Guaranty Co., 167 La. 411, 119 So. 409, and Evatt v. Finley, 167 La. 161, 118 So. 874, the applicability of the statute to the employer was not questioned. See also Hughes v. Hartford Accident & Indemnity Co., 223 Ala. 59, 134 So. 461.

It results, therefore, in our conclusion that the demurrers of the several defendants were properly sustained, and the judgment appealed from is due to be affirmed.

Affirmed.

All the Justices concur.