33 So.2d 260

## EMPLOYERS INS. CO. v. HARRISON.

### 3 Div. 886.

Court of Appeals of Alabama.

June 10, 1947.

Rehearing Denied June 30, 1947.

Ball & Ball, of Montgomery, for appellant.

Henry McDaniel, of Demopolis, and Jack Crenshaw, of Montgomery, for appellee.

202

BRICKEN, Presiding Judge.

This is an appeal from a judgment against the appellant upon a complaint by the appellee which, as last amended, was for the breach of a contract of insurance exhibited with the complaint. Demurrers were overruled to the complaint as amended and appellant filed four pleas: (1) The statute of limitations of one year; (2) and (3) invoking provisions of the Workmen's Compensation Act; and (4) the general issue.

The court sustained demurrers to pleas 1, 2 and 3, and thus held, in effect, that the provisions of the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., were inapplicable to this case. The rulings on demurrers to the complaint as amended and to pleas 1, 2 and 3 are solvable by determining whether or not the appellee's right of recovery is in any wise affected by the Workmen's Compensation Act.

The decedent was an employee of the State Highway Department at the time he was killed. The appellant had issued an insurance policy which was labeled, "Standard Requirements Compensation Policy," but the policy was issued in accordance with Title 23, Section 3 of the present Code. The correct decision of this case hinges around the proper construction of that Section 3 which, among other things, says that the Highway Department can take out a "contract by bond or policy" but limits the sum to be paid thereunder so as not to "exceed the amount or amounts as provided by the Compensation Act of this State."

Appellant's position is that the statute, in effect, was an adoption of the Workmen's Compensation Law; the appellee's conten-

tion being that the sole purpose of the quoted phrase was to put a ceiling on the amount of insurance to be paid for by the Highway Department.

The contract sued on, whatever it be called or however described, attaches as a part thereof a copy of Title 23, Section 3 and thereby shows that the contract was made with reference to the provisions of that law.

In Universal Electric Construction Co. v. Robbins, 239 Ala. 105, 194 So. 194, 198, the case arose under a Statute which did not prescribe the form of the bond but did define the obligation to be assumed by the principal in the bond and its surety. The bond recited that its condition was, "for the construction of street lighting system in substantial and workmenlike manner in full compliance with the specifications numbered 28 to 53, both inclusive, and the applicable plans designated on page 29 of specifications."

The Supreme Court said:

"These parties-defendant, the Universal Electric Construction Company and the Royal Indemnity Company, well knew that, before the contractor could lawfully commence the construction of said electric distribution system, the contractor was required to execute bond to the said municipality, with the obligation that such contractor should promptly make payment to all persons supplying him with labor, materials, feed-stuff or supplies for or in the prosecution of the work provided for in such contract, and for the payment of reasonable attorney's fees incurred by successful claimants or plaintiffs in suits on said bonds. They further knew that the contract should carry a further provision that process in suits might be served upon them by service upon the executive officer of the city. Knowing these facts, these defendants knew that whatever bond they might execute, in any attempted compliance with said Act, would have read into it the provisions of said Act.

"The bond was signed by the defendants and offered by them, and accepted by the city, as a bond executed in compliance with the above referred to Act, and the court is authorized to read into it the provisions of

said Act, and give it the form and effect the statute contemplated, regardless of its contents. United States Fidelity & Guaranty Co. v. Union Trust Co., 142 Ala. 532, 38 So. 177; Ex parte Martin, 180 Ala. 620, 61 So. 905; Mobile County v. Williams, Judge, 180 Ala. 639, 61 So. 963. It is true that the bonds treated of in the above cited cases were official bonds, and came within the influence of statutory provisions with reference to such bonds. Nevertheless the bond now in question was executed and delivered pursuant to a statutory requirement, by which the terms and scope of the bond were fixed by the statute."

█ It appears from that authority that whatever form of policy was issued, whatever the terms of the contract that was actually issued to the Highway Department it was nonetheless issued under the above quoted statute and accepted and paid for as therein provided. Appellant, therefore, knew that whatever contract it might execute in attempted compliance with the Act would have read into it the provisions of the Act. If this be correct then it is immaterial what requirements are embodied in the Workmen's Compensation Statute or what rights, if any, the widow or executrix of the decedent had or did not have against third persons. For the Workmen's Compensation Law unless effectively incorporated in Title 23, Section 3 was not applicable to the State of Alabama or any of its employees. Breeding v. Tennessee Valley Authority, 243 Ala. 240, 9 So.2d 6.

█ In our opinion the sole effect of the quoted phrase from Section 3 of Title 23, was to limit the amount of insurance the Highway Department was authorized to pay for and in nowise incorporated the terms of the Workmen's Compensation Act into the insurance thus authorized.

It follows, therefore, from the foregoing that the appellant's demurrers to the amended complaint were properly overruled and that appellee's demurrers to the plea of the statute of limitations of one year and special pleas 2 and 3 were subject to demurrer.

█ Under the lower court's ruling nothing was left in the case except the complaint as amended, and the plea of the general issue, which would not entitle the appellant to prove that the appellee had collected $3000 from the Hartford Accident and Indemnity Company in connection with the death of her husband, nor that the appellee had signed a release for the consideration of such $3000, nor whether or not the appellee had proceeded against a third person for damages in connection with the death of her husband, nor compare the rates for the particular contract sued on with the appellant's premium rate on a Workmen's Compensation policy for an industrial or private company, nor to introduce that portion of an agreed statement of facts that a settlement had been had on the basis of such $3000. None of these inquiries related to any issue raised by the complaint as amended and the pleas of the general issue, which alone remained in the case.

█ Appellant assigns as error overruling the motion to strike plaintiff's demand for a trial by jury, and this too is based on the idea that the Workmen's Compensation Act controlled. Independent of that fact, however, judgment entries show that following the overruling of such motion, by consent of the parties, the demand for a jury trial was withdrawn and an agreement was made between the parties that the cause be tried by the court without the intervention of a jury. In view of that agreement and that form of trial by and pursuant to the agreement, appellant is in no position to claim error in the ruling of the court.

Thus far the opinion has given no consideration to a question not discussed in the brief of either appellant or appellee to which we call attention. The assignments of error are as follows:

"Mrs. Josephine Harrison v. Employers Insurance Company of Alabama.

"In the Circuit Court of Montgomery County, Alabama.

"Now comes the appellant and says there is manifest error in the record in this:"

Then follow twelve assignments of error.

█ The Supreme Court has said that an assignment of error in appellate procedure is a pleading and is regarded in every material respect like the initial pleading in

the trial court. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397.

It is questionable, therefore, whether this is an assignment of error by this appellant or an assignment of error by any one in this court. But we have undertaken to decide the questions raised and discussed in briefs of counsel, and merely call attention to the foregoing unusual form of assignment of error.

The view obtains here that the cause is due to be and is affirmed.

Affirmed.