33 So.2d 264

### EMPLOYERS INS. CO. v. HARRISON.

### 3 Div. 482.

Supreme Court of Alabama.

Dec. 4, 1947.

Rehearing Denied Jan. 22, 1948.

against the petitioner, Employers Insurance Company of Alabama, for breach of the condition of an insurance policy procured by the State Highway Department authorized by § 3, Title 23, Code of 1940. Said section of the code which enumerates the powers and duties of said department provides inter alia:

"The highway department is authorized and empowered and may, with the approval of the governor, *enter into contract by bond or policy,* with an insurance company authorized to do business in this state, *covering a certain amount to be paid to the employees of the highway department,* actually engaged in the construction, maintaining or repairing of public roads and bridges, who by accidental means may be killed or injured. Provided that the amount paid to any such party on account of accidental death, or injury *shall not exceed* the amount or amounts as provided by the compensation act of this state. The premium upon such bond or policy shall be paid out of the funds of the highway department as provided by law; * * *." [Italics supplied.]

The policy issued by the defendant on the application of the highway department was in form a policy insuring a private employer against liability to its employees and their dependents under the workmen's compensation act, but the above quoted statute was written into the face of the policy which was attached to and made a part of the amended complaint on which the case was tried.

The defendant demurred to the complaint as amended on grounds among others, "said count shows that this suit is brought both by the plaintiff individually and in her capacity as executrix and she can not thus sue in two separate and distinct capacities." Said count fails to show that the plaintiff individually is entitled to recover.

The demurrer to the complaint being overruled, the defendant pleaded the general issue and special defenses in bar of the action. The special pleas are:

"1. The plaintiff's claim is barred by the statute of limitation of one year.

"2. The plaintiff's husband was killed under circumstances also creating a legal

Ball & Ball, of Montgomery, for petitioner.

Henry McDaniel, of Demopolis, and Jack Crenshaw, of Montgomery, opposed.

BROWN, Justice.

This is a common law action of assumpsit by Josephine Harrison, who, as the complaint alleges, is also administratrix of the estate of her deceased husband, who was killed while actually engaged in the construction of one of the state's public roads,

liability for the damages on the part of a third party to this suit who was subject to the provisions of the workmen's compensation act of Alabama, namely, Morris Construction Company, and the plaintiff as administratrix of the estate of her said husband proceeded against Morris Construction Company and received from Hartford Accident & Indemnity Company, its insurer, the amount of $3,000.00 on or about February 13, 1945, which sum was paid on behalf of Morris Construction Company in settlement of the plaintiff's claim and the plaintiff having elected to proceed against and settled with the said third party is not now entitled to proceed against the defendant."

The third plea was in substance the same as plea two.

The circuit court sustained the plaintiff's demurrer to pleas 1, 2 and 3. The case went to trial on the plea of the general issue and the circuit court, sitting without the intervention of a jury, entered judgment in favor of the plaintiff for $850.28, from which judgment the defendant appealed to the Court of Appeals wherein the case was affirmed.

The appellant in the case to the Court of Appeals brings the case here by writ of certiorari under § 140 of the constitution to review the opinion of the court of appeals upholding the ruling of the circuit court on the demurrer to the complaint and the special pleas.

■ The statute which furnishes the basis for the authority of the state highway department to procure the issuance of the policy of insurance and provides for the payment of premium thereon out of state funds was endorsed on the face of the policy and must be read into the contract to determine its nature, character and the obligations which it assumes, disregarding the superfluous provisions dealing generally and relating to liability under the workmen's compensation act. Code of 1940, Tit. 26, §§ 253–325.

■■ We construe the policy as a group policy covering the hazards to employees of the state highway department while actually engaged in the work of constructing and maintaining public roads of the state. The purpose and legal effect of the policy is not to insure the state highway department against liability to its employees, but the terms of the statute run *to the employees* of that department, not to such employees and their dependents.

■ The highway department is not under the workmen's compensation act. This question was decided in Breeding v. Tennessee Valley Authority, 243 Ala. 240 (242), 9 So.2d 6, 7, wherein it was observed: "The Workmen's Compensation Law of Alabama does not extend its benefits to its own employees, or the employees of its agencies and departments. They must depend on such relief as may be had through the State Board of Adjustment." Code of 1940, Tit. 55, §§ 333 and 334.

■ The cause of action on this policy resulting from the death of Harrison, is a chose in action, which did not vest in or pass to his dependents, but the personal representative of his estate succeeded to the title thereto and the right to sue thereon. Pryor v. Davis, Adm'r., 109 Ala. 117, 123, 19 So. 440; Butler v. Gazzam, 81 Ala. 491, 1 So. 16; Sovereign Camp W. O. W. v. Snider, 227 Ala. 126, 148 So. 831.

We are, therefore, of the opinion that the circuit court erred in overruling the defendant's demurrer to the complaint as amended and the court of appeals erred in affirming that ruling.

■ The defendant's second and third special pleas, as the petitioner insists, are rested upon the provisions of § 311, Title 26, Code of 1940.* It is clear from a reading of that statute, for it to apply, both the employer of the workman killed and the third party must be under and subject to the provisions of the workmen's compensation law. The title of that section is: *"Liability of party other than employer; procedure; third party under this article."* And the statute provides:

"Where an injury or death, for which compensation is payable under this article, is caused under circumstances also creating a legal liability for damages on the part of

---

* Section 311, Title 26, Code of 1940, repealed by House Bill No. 107—Ingalls approved October 9, 1947.

any party other than the employer, such party being also subject to the provisions of this article, the employee in case of injury, or his dependents in case of death, may, at his or their option, proceed either at law against such party to recover damages, *or against the employer for compensation under this article, but not against both.* * * *." [Italics supplied.]

■■ The dependents of the workman killed were without legal right to proceed against his employer, the highway department of the state, and it was not within legislative competence to so authorize. Constitution 1901, § 14. This defect was pointed out by the plaintiff's demurrer to special pleas 2 and 3. Said pleas are subject to other demurrable defects. The statute (said § 311) merely confers upon the party injured, if his employer is under the workmen's compensation act, the right to elect to proceed against the employer or the third party causing the injury, and where the party injured or his beneficiaries accept benefits from his employer, with a knowledge of the right to elect, they are bound by that election and cannot thereafter proceed against the third party and vice versa. Harris v. Louisville & N. R. Co., 237 Ala. 366, 186 So. 771.

The ruling of the circuit court sustaining the demurrer to said pleas 2 and 3 was free from error and the court of appeals correctly upheld that ruling.

■ As to the plea of the statute of limitations, the contention of petitioner is, and to be sustained must be, that the statute, Code of 1940, Title 23, § 3, by reference incorporated into that statute the whole of the workmen's compensation law, including the procedural law and the limitations thereon. To so hold would be to totally disregard all settled rules of statutory construction.

In actions of assumpsit for the breach of the conditions of a written contract the statute of limitations of six years applies. Code of 1940, Title 7, § 21.

■ The sole effect of § 3, supra, as ruled by the court of appeals, was to place a limit as to the amount of insurance the highway department could contract and pay for. Therefore, the defendant having

entered into the contract and accepted the premiums without fixing *a certain amount* to be paid under the policy, the amount recoverable by the estate of a deceased is the amount fixed for the death of a like circumstanced workman under the workmen's compensation law.

For the error noted, the judgment of the court of appeals and the judgment of the circuit court are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with this opinion.

Reversed and remanded.

All the Justices concur.