165 So.2d 404

**UNITED STATES FIDELITY & GUARANTY COMPANY**

v.

**Mary Eula DUNLAP, Administratrix.**

**6 Div. 880.**

Supreme Court of Alabama.

Oct. 17, 1963.

Rehearing Denied June 25, 1964.

Spain, Gillon & Young, Foster Etheredge and Ollie L. Blan, Jr., Birmingham, for appellant.

Bland & Bland, Cullman, for appellee.

LAWSON, Justice.

O. B. Dunlap, an employee of the highway department of the State of Alabama, was killed by lightning on July 20, 1960, as he was guarding convicts who were working on a highway in Cullman County.

Mary Eula Dunlap, as administratrix of the estate of her deceased husband, instituted this suit in the Circuit Court of Cullman County against United States Fidelity & Guaranty Company, a corporation, for breach of the conditions of an insurance policy procured by the state highway department as authorized by § 3, Title 23, Code 1940, as amended. Said amended statute, which enumerates the powers and authority of the state highway department, provides *inter alia:*

"* * * The highway department is authorized and empowered and may, with the approval of the governor, enter into contract by bond or policy, with an insurance company authorized to do business in this state, covering a certain amount to be paid to the employees of the highway department, who may be killed or injured in the line and scope of their employment. Provided that the amount paid to any such party on account of death or injury shall not exceed the amount or amounts as provided by the compensation act of this state, except that such bond or policy may provide additional benefits not to exceed ten thousand dollars ($10,000) per employee for the payment of hospital and medical expenses. The premium upon such bond or policy shall be paid out of the funds of the highway department as provided by law; and to that end and for that purpose the department may with the consent and approval of the governor disburse any monies, hereby or otherwise appropriated or set apart for the construction, repair or maintenance of the public roads, bridges and highways of this state."

The complaint as amended claimed of the defendant the sum of $7,612.50. After demurrer reassigned to the amended complaint was overruled, defendant pleaded the general issue in short by consent in the usual form.

The cause came on for trial before the court without a jury. There was a judgment in favor of the plaintiff for the amount claimed in the amended complaint. The defendant's motion for new trial having been overruled, it has appealed to this court.

At the trial the parties stipulated as follows:

"Plaintiff, Mary Eula Dunlap, is the widow and sole dependent of O. B. Dunlap, and is the administratrix of the estate of O. B. Dunlap.

"Defendant, United States Fidelity & Guaranty Company, a corporation, issued to State of Alabama Highway Department policy No. RJ589431 for the period February 1, 1960, to February 1, 1961. The premium for said policy was paid and said policy was in force on July 20, 1960. Said policy of insurance insured employees of the State of Alabama Highway Department subject to the terms of the policy and to the provisions of Title 23, Section 3, Code of Alabama.

"On July 20, 1960, O. B. Dunlap was employed by the State of Alabama Highway Department as a Convict Guard at a salary of $290.00 per month. On said date O. B. Dunlap was struck by lightning and the death certificate shows that death resulted therefrom."

Plaintiff called two witnesses, whose testimony shows that at the time of his death by lightning O. B. Dunlap was engaged in

the guarding of convicts, which was the duty he was employed to perform. Defendant called no witnesses.

In its brief filed in this court the appellant, the defendant below, states the issue and its contentions as follows:

"The issue here to be decided is the construction of a policy of insurance issued by the Appellant to the State of Alabama Highway Department under the authority of Section 3, Title 23, Code of Alabama, 1940, as amended. The Trial Court has held that this policy is a policy of group life insurance. It is the contention of the Appellant that the aforementioned policy of insurance is a policy of voluntary workmen's compensation insurance, that the coverage afforded thereunder is similar to that afforded under the Workmen's Compensation Act, and that the death of Appellee's husband would not be compensable under the Workmen's Compensation Act and is not compensable under the policy of insurance here sued upon."

We agree with the trial court.

As we have shown, it was stipulated that in procuring the policy of insurance here sued upon, the state officials acted under the authority of § 3, Title 23, Code 1940, as amended. Hence the provisions of that section must be considered as much a part of the policy as if they were formally embodied therein. Scotts Bluff County v. State, 133 Neb. 508, 276 N.W. 185.

▆ The appellant argues that § 3, Title 23, as amended, embodies all of the terms and provisions of the workmen's compensation law, including the procedural law and the limitations therein and that a policy procured thereunder covers only the risks covered by the workmen's compensation law.

That contention was rejected by the Court of Appeals and by this court even before the 1951 amendment. It was held that the sole effect of the reference to the "compensation act" in § 3, Title 23, Code 1940, was to place a limit on the amount of insurance the highway department could contract and pay for. Employers Insurance Co. v. Harrison, 250 Ala. 116, 33 So. 2d 264; Employers Insurance Co. v. Harrison, 33 Ala.App. 199, 33 So.2d 260.

In Employers Insurance Co. v. Harrison, 250 Ala. 116, 33 So.2d 264, we were concerned with the construction to be placed on a policy procured under the terms of § 3, Title 23, Code 1940, prior to the 1951 amendment. We said: "We construe the policy as a group policy covering the hazards to employees of the state highway department while actually engaged in the work of constructing and maintaining public roads of the state. * * *" (250 Ala. 119, 33 So. 2d 266)

That holding is even more appropriate since the 1951 amendment (Act 887, approved September 12, 1951, Acts of Alabama 1951, Vol. II, p. 1530). At the time of the decision in the Harrison Case from which we have just quoted, § 3, Title 23, Code 1940, only authorized the procurement of policies which would cover highway department employees while "actually engaged in the construction, maintaining or repairing of public roads and bridges, who by accidental means may be killed or injured." For those words the 1951 amendment substituted the words "who may be killed or injured in the line and scope of their employment." The 1951 amendment also deleted the word "accidental" where it appeared elsewhere in § 3, Title 23, Code 1940.

The 1951 amendment clearly answers the contention that the legislature intends for the insurance coverage thereby obtained for state highway department employees to be limited to that afforded under the workmen's compensation law. For an injury or death to be compensable under the workmen's compensation law, it must result from an accident which arises out of and in the course of the employment (§ 253, Title 26, Code 1940; Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288), whereas the

injury or death covered under § 3, Title 23, Code 1940, as amended, need not be accidental. And death or injury is covered if it occurs "in the line and scope" of employment.

Under the evidence in this case O. B. Dunlap was killed while in the line and scope of his employment and we are of the opinion that the plaintiff, appellee, was entitled to recover on the policy sued upon.

There is nothing in this record to indicate that the amount of the judgment is in excess of the amount to which plaintiff would have been entitled under the workmen's compensation law if that law had been applicable to the highway department and its deceased employee, O. B. Dunlap.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.